John McManus

v.

Robert McDonough et al.

*Filed at Ottawa May 10, 1883.*

1. HIGHWAY—*presumption that decision of highway commissioners was publicly announced.* Where commissioners of highways indorse upon or attach to the petition for the laying out of a road, a memorandum of their decision to grant the petition, which bears date on the day of the hearing, it will be presumed, on *certiorari* to quash the proceedings, that the commissioners did, at the hearing, publicly announce their decision, as required by law.

2. SAME—*law requiring decision to be publicly announced on hearing, construed as directory.* The plain object of section 73 of the Road law, requiring the commissioners of highways to decide a petition for a road, and publicly announce their decision, etc., is to prevent delay in disposing of the matter, and afford parties in interest an opportunity to appeal in the time limited, and such provision may be regarded as directory, unless its omission can be seen to have defeated the purposes of its enactment.

3. SAME—*sufficiency of description of road in certificate to justice of the peace.* A certificate of commissioners of highways to a justice of the peace for the purpose of having damages assessed for right of way, described the road as commencing at a point twenty-five feet west of the south-west corner of the south-east quarter of section 17, township 13 north, range 8 east, fourth principal meridian, on the section line between sections 17 and 20, in the same township; running thence in a northerly direction, on the most eligible route, to a point in the public highway twenty-five feet west of the center of section 17, in the same township: *Held,* that it described the road and its route with sufficient certainty. Under such description it would have been proper to give in evidence, on the trial, a survey of that part of the road, or other minute description, to enable the jury to ascertain the accurate amount of damages.

4. The statute does not require the certificate to give a minute description, by courses and distances, of the whole road, or even the portion for which damages are claimed, but a general description of the portion for which damages are claimed will suffice.

5. TRIAL BY JURY—*of the number--on assessment of damages for public highway, before a justice of. the peace.* Under section 5, article 2, of the constitution, the legislature is authorized to provide for a jury of less than twelve men in the trial of civil cases before justices of the peace. Under this, a general law for the assessment of damages for land con-

demned by commissioners of highways for roads, may constitutionally provide for a jury of six men, and their assessment will be valid and binding on the land owner. Such a proceeding before a justice of the peace is a civil case.

6.  Said section 5 clearly authorizes and refers to two classes of juries,— the one of twelve men, in all judicial proceedings not before justices of the peace, and the other of a less number, which is confined to civil cases before justices of the peace. The word "jury," in the 13th section of article 2, relating to the ascertainment of the compensation of damages for property taken for public use, is employed to embrace all cases specified in section 5.

7.  COMMISSIONERS OF HIGHWAYS—*are a quasi corporation, and must act as a body.* Commissioners of highways of a town are a *quasi* corporation, and can only act together as a body, and not as individuals, to bind the body. So where a paper was signed by them, agreeing to dismiss a proceeding to assess damages for land for a road, no two of them being together when signing, and they had never met and conferred together in reference to the agreement, and had made no minutes or entry thereof, it was *held* no error in the justice to refuse to dismiss the proceeding.

8.  CERTIORARI AT COMMON LAW—*no evidence allowed aside from the record returned.* On an application for a common law writ of *certiorari* to quash proceedings to establish a public road, the trial must be had on the record of the proceedings returned, and oral evidence can not be heard to aid or contradict the record, yet the court may indulge all natural presumptions and proper conclusions from the record.

9.  PROCESS—*defect in justice's summons cured by appearance.* Although a justice's summons, issued against an owner whose land is sought to be condemned for a public road, giving him notice of the time and place of the assessment of his damages, does not run in the name of the People, as required, his appearance at the trial without objection is a waiver of the defect, and gives the court jurisdiction of his person.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Marshall county; the Hon. N. M. LAWS, Judge, presiding.

Messrs. BARNES & MUIR, for the plaintiff in error:

The statute requires the justice to name eighteen persons having the qualifications of jurors, two-thirds of whom shall not be residents of the town where the road is located. (Rev. Stat. 1874, p. 925, sec. 80.) The record does not show but what all, or whether any, of the persons named by the justice

as jurors, were residents of the interested town. This renders the proceeding invalid.

Again, the question of damages was submitted to a jury of six persons, which we submit was not a legal jury for that purpose, under our constitution. Section 13 provides that private property shall not be taken or damaged for public use, etc., compensation to be ascertained by a jury. This means a common law jury. Cooley's Const. Lim. 319; *Copp* v. *Henniker*, 55 N. H. 179; S. C. 20 Am. Rep. 194; *Ross* v. *Irving*, 14 Ill. 171.

This proceeding is not a civil case, within the meaning of section 5, article 2, of the constitution. *Johnson* v. *Joliet and Chicago R. R. Co.* 23 Ill. 203.

Where the constitution provides for a jury, without further explanation, it means one of twelve men. *Lamb* v. *Lane*, 4 Ohio St. 167.

The certificate presented to the justice failed to give him jurisdiction of the subject matter, it not describing the line of the road with sufficient certainty to enable the jury to pass on the owner's damages. Rev. Stat. 1874, chap. 121, sec. 174.

The record is fatal in not showing that the commissioners publicly announced their decision on the day of the hearing. (Sec. 73, Road law.) If the statute is not followed the road fails. *Mitchell* v. *Indianapolis and St. Louis R. R. Co.* 68 Ill. 286; *Commissioners* v. *People*, 4 Bradw. 391; *Commissioners* v. *People*, 2 id. 24.

Mr. FRED S. POTTER, for the defendants in error:

It is objected that the record contains no specific statement that the commissioners decided, and publicly announced, that they had granted the prayer of the petition. The statute is directory, and involves a mere matter of procedure, and is in no sense jurisdictional. The law will presume that the commissioners did their duty, from the fact they did indorse the petition on the day of the hearing.

7—107 ILL.

The description of the road in the certificate is sufficient. The courses and distances need not be given. Besides, all the papers, including the survey, were before the justice as a part of the plaintiff's case.

If there had been no summons in fact, appellant's appearance gave the justice jurisdiction. *Buel* v. *Trustees of Lockport*, 3 N. Y. 199; *Randolph County* v. *Ralls*, 18 Ill. 29; Cooley's Const. Lim. 409.

The constitutional provision guaranteeing trials by jury is directed to proceedings known to the common law, and the same is true in regard to process. *Curry* v. *Hinman*, 11 Ill. 420; Cooley's Const. Lim. 410, note 2.

Section 80 of the Road law is directory, only. The selection of the jury is ministerial, not jurisdictional. It will be presumed the persons selected had the requisite qualifications. If the jury was unlawful, appellant should have challenged the array. A jury of six was enough. This court has held that a jury of six is no violation of the constitution in a proceeding to declare a female "a dependent," the result of which was to confine her until her majority. *Petition of Ferrier*, 103 Ill. 367.

Mr. Justice Walker delivered the opinion of the Court:

Appellant, McManus, filed his petition in the Marshall circuit court for a common law writ of *certiorari*. The writ was served on the defendants, the commissioners of highways, the town clerk, and a justice of the peace. They made return of the record establishing a highway in the town of Saratoga, and assessment of damages in favor of McManus for locating a part of the road over his land. On the return, such proceedings were had thereunder in the circuit court that a judgment was rendered affirming the action of the commissioners sought to be set aside. On appeal to the Appellate Court the judgment of the circuit court was affirmed, and the case is brought to this court on appeal.

A number of objections are urged for a reversal, a portion of which we shall proceed to consider, the others being wholly unimportant.

It is insisted that inasmuch as it does not appear from the record returned the commissioners publicly announced their conclusion or decision at the time of the hearing, the whole proceeding is void, under the 73d section of the Road and Bridge law, as it requires them at the hearing to decide, and publicly announce, whether they will grant or refuse the prayer, and shall indorse upon or annex to the petition a brief memorandum of such decision, to be by them signed. The return shows that such a memorandum was indorsed and signed on the date of the hearing of the petition. An effort was made to disprove the date of this indorsement, and to show it was not made until the next day, and after the petition had been returned to the town clerk's office; but in a proceeding of this character the trial must be had on the record of the proceedings as returned, and oral evidence can not be heard to aid or contradict the record. We must, therefore, consider the case on the supposition that the indorsement was made on the day that it bears date, and at the end of the hearing. Inasmuch as this indorsement was made at the end of the hearing, we must presume that the decision was then made and publicly announced.

Although the trial must be had on the record as returned, we may indulge all natural and proper conclusions from the record. That the decision was made at the hearing in this case is an almost irresistible conclusion, from the fact that the indorsement was then made. The controlling purpose of this provision of the statute was to prevent delay in disposing of such petitions, and to prevent the commissioners from taking the case under advisement, and holding up their decision, and filing it with the town clerk, in such a manner as to prevent parties interested from learning the fact in time to take legal steps to have the decision reviewed, by

appeal or otherwise.   And even if the decision was not pub-
licly announced, none of the results followed in this case
that were intended to be prevented.   That provision may be
regarded directory, unless its omission can be seen to have
defeated the purpose of the legislature, and produced the
wrong intended to be suppressed by the enactment.   The
objection is merely technical.

It is insisted that the justice of the peace failed to acquire
jurisdiction of the person of appellant, because the sum-
mons did not run in the name of the People.   As has been
repeatedly held by this court, the purpose of service is to
obtain jurisdiction of the defendant, and when he enters his
appearance the object is attained, and it waives all defects
in the process, and even dispenses with process.   In this
case it appears, from the transcript of the justice's docket,
that the parties appeared at the trial for the assessment of
damages, and the appearance of appellant waived all defects
in the summons.   This practice is so elementary and famil-
iar, that we had not supposed we would be called on to
announce it again.

It is urged that the certificate of the commissioners to the
justice of the peace does not describe the road with sufficient
certainty, and describes no route.   It states that the pro-
posed road commences at a point twenty-five feet west of the
south-west corner of the south-east quarter of section 17,
township 13 north, range 8 east, fourth principal meridian,
on the section line between sections 17 and 20, in the same
township; running thence in a northerly direction, on the
most eligible route, to a point in the public highway twenty-
five feet west of the center of section 17, in the same town-
ship, which road passed over and is claimed to damage the
land described and owned as follows, etc.   The 78th sec-
tion of the Road and Bridge law requires the commissioners,
when they are unable to agree with the owner as to the
amount of damages to be paid him, and they have not been

released, to certify the fact to a justice of the peace, and to describe the road, and the land over which it is to run. In this case there is no objection that the land is not sufficiently described, and we think that the description of the road conforms to the requirements of the statute. It does not require the certificate to give the survey or the courses and distances, but simply a description of the road, and here is a description sufficient to enable that part of the road to be found. It would, under this description, have been proper on the trial to introduce the survey of that part of the road, or some more minute description, to enable the jury to ascertain the accurate amount of damages. The statute, we think, does not require the certificate to contain a minute description, by courses and distances, of the whole road, or even the portion for which damages are claimed, but a general description of the portion for which damages are claimed will suffice. We are strengthened in this conclusion from the fact that some portions of the act require a minute and others but a general description. The 70th section of the act requires the petition for the laying out and establishment of a new road to describe the road sought to be established. Such description is no more minute than this. No other exception is taken to the certificate, and no objection is perceived to its sufficiency.

We now come to consider the important question in the case, and that is, whether there was a constitutional jury impaneled to assess the damages in this case. The 5th section of article 2 of our constitution provides, that "the trial by jury, as heretofore enjoyed, shall remain inviolate; but the trial of civil cases before justices of the peace by a jury of less than twelve men may be authorized by law." This was a trial by a justice of the peace, and a jury of six men had been provided by law, and such a jury, in this class of cases, must be held constitutional, unless inhibited by some other provision of that instrument. There is no pro-

vision of the constitution that limits the power of the General Assembly to confer jurisdiction on justices of the peace, except that it shall be uniform. This jurisdiction to assess damages in road cases by a jury of six men is uniform, and is conferred on every justice of the peace, and the practice regulating such trials is uniform, and applies to all justices of the peace. The power to enact the law is not prohibited. Nor was the trial by jury ever enjoyed at the common law, in England or in this State, before the adoption of our present constitution, in condemning property for public use, under the power of eminent domain. The assessment of damages for property thus taken, before the adoption of the present constitution, was by commissioners, and not by jury. Nor does that instrument limit or control the power of the legislature in the mode of assessing damages when they are to be paid by the State. The limitation only extends to cases where the damages are not paid by the State, and in such cases they must be assessed by a jury.

It is true the 13th section of article 2 provides that compensation for property taken or damaged for public use shall be ascertained by a jury, but it does not specify the number of which it shall be composed. The same article, by section 5, as we have seen, has recognized a jury of less than twelve men in the trial of civil cases tried before a justice of the peace. We then have two juries specified by that article,— one of less than twelve men, in trials before a justice of the peace, and twelve in other judicial tribunals. The first clause of section 5 manifestly refers to a jury composed of twelve men as the general rule, but the latter clause makes an exception to the rule by expressly authorizing a smaller number in civil cases before justices of the peace,—and we must suppose the framers of the 13th section used the term to embrace all cases specified in the 5th section. Had they not, they surely would have limited the term to one or the other of the provisions of the 5th section. This is a civil

case.  Actions are divided into two classes,—civil and criminal.  This is not criminal, and must, therefore, be civil. The proceeding does not possess a single element of a crime. It is authorized by the constitution and the statute, and violates no law, and is, therefore, a civil action, and is embraced in the 5th section.

It is also urged that the court erred in refusing to dismiss the writ, on the paper claimed to be an agreement for that purpose.  It purports to be signed by the commissioners; but they are a *quasi* corporation, and can only act as a body, and not as individuals, to bind the body.  (See *Commissioners* v. *Baumgarton*, 41 Ill. 254.)  There is no evidence that they ever so acted.  No resolution of the board was produced in evidence showing that question was ever before or acted upon by the board, and it could not be bound by an agreement of the different members not acting as a corporate body.  The affidavits show that no two were together when they signed the paper, but it was the several act of each. They never had conferred or consulted in reference to the agreement.  Had they done so, and agreed to dismiss the suit, and made a minute of their action, it may be the agreement thus signed would have been evidence.  But no such minute was ever made in their records, and it was insufficient to bind the corporation.

We perceive no error in the record that requires a reversal of the judgment, and it is affirmed.

*Judgment affirmed.*


Mr. Justice Dickey, dissenting:

In my judgment, what is said in section 5 of the Bill of Rights, contained in article 2 of the constitution of 1870, about "a jury of less than twelve men," in "the trial of civil cases before justices of the peace," does not at all affect the meaning to be given to the phrase "a jury," as used in section 13.  The subjects matter of the two sections are not the

same. Section 5 declares that "the right of trial by jury, *as heretofore enjoyed,* shall *remain* inviolate." Section 5 preserves inviolate *a* right *heretofore* enjoyed. Section 13 furnishes a new protection not enjoyed before that time. The preservation, in section 5, of the old right of trial by jury, as enjoyed before that time, is qualified by the words, "but the trial of civil cases before justices of the peace by a jury of less then twelve men may be authorized by law." These words plainly refer to the ordinary civil cases before justices of the peace, and can have no reference to eminent domain proceedings, for the right of trial by jury in such cases had not been enjoyed before that time. Section 13 enters upon a new subject, and furnishes a new protection to the citizen,— one not before that time secured by constitution or statute. It provides that (except where it is to be made by the State) the compensation to be paid for private property taken for public use shall be ascertained by a jury, as shall be provided by law. This new guaranty of the constitution is not qualified by any provision that a jury of less than twelve men may be authorized where the proceedings are before a justice of the peace. The declaration is unqualified. Such compensation "shall be ascertained by a jury." The phrase "a jury," when not qualified by the context, means "a jury of twelve men,"—a common law jury. So the authorities all teach. "Shall be ascertained by a jury, as shall be provided by law,"—not *such* a jury as shall be provided by law, but a jury, a common law jury of twelve men, to be procured as shall be provided by law. I therefore think these proceedings faulty for want of the verdict of a jury of twelve good and lawful men.

If it be the constitutional law of Illinois that the legislature has unlimited power in conferring jurisdiction upon justices of the peace, exclusive jurisdiction in all condemnation cases may be conferred upon justices of the peace without appeal, and if, in all such cases, a jury of less than twelve

may be authorized, a jury of two or three men may be authorized to ascertain the compensation in all such cases, no matter what may be the magnitude of the interests involved. What, then, would be the value of the guaranty that such compensation shall be ascertained by *a jury?*  In my judgment, to so hold fritters away this guaranty of the constitution, and renders it practically nugatory.