## Vaclav Hermanek v. Sigmund Guthmann et al.

1. CONSTRUCTION—*Of Statutes.*—It is a rule of construction that one part of a statute must be so construed by another that the whole may, if possible, stand.

2. JURIES—*Sec. 12 of Art. 18 of the Act of 1895, in Regard to Justices and Constables, Construed.*—The word "jury" as used in Sec. 12 of Art. 18 of "An act to revise the law in relation to justices of the peace and constables," in force July 1, 1895, does not necessarily mean a jury of twelve men, but must be construed to mean such a jury as is authorized by Sec. 13 of Art. 5 of the same act.

**Trespass**, for false imprisonment. Error to the Circuit Court of Cook County; the Hon. THOS. G. WINDES, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed December 23, 1897.

GEO. G. BELLOWS, attorney for plaintiff in error.

HINER & WATERS, attorneys for defendants in error; BAYLEY & WEBSTER, of counsel.

Mr. Presiding Justice Adams delivered the opinion of the Court.

This was an action of trespass for false imprisonment by plaintiff in error against defendants in error. The plaintiff was imprisoned for non-payment of a judgment, rendered by a justice of the peace on the verdict of a jury of six men. The defendants pleaded specially, and the plaintiff demurred to the plea. The court overruled the demurrer, and the plaintiff electing to abide by his demurrer, the court gave judgment for the defendants on the plea. To reverse this judgment this writ of error was sued out.

The principal question of law raised by the demurrer to the plea is whether the word "jury" as used in Sec. 12 of Art. 18 of "An act to revise the law in relation to justices of the peace and constables," in force July 1, 1895, is to be interpreted or understood as necessarily meaning a jury of twelve men. Counsel for plaintiff, in his argument, expressly waives all other questions which may be raised by the demurrer, saying: "The causes for special demurrer were enough to defeat the plea, but as to those matters we care not. The main question, and the one on which we rest, is as to the trial by jury, and it was this question which was discussed at length in the court below, and on which the plaintiff relied, and it is the question on which we desire the court to pass."

An act entitled "An act to provide a trial by jury in all cases where a judgment may be satisfied by imprisonment," in force July 1, 1893, is as follows:

"Sec. 1. Be it enacted by the people of the State of Illinois, represented in the General Assembly: That no person shall be imprisoned for non-payment of a fine or a judgment in any civil, criminal, *quasi* criminal or *qui tam* action, except upon conviction by jury: Provided, that the defendant or defendants in any such action, may waive a jury trial by executing a formal waiver in writing. And provided further, that this provision shall not be construed to apply to fines inflicted for contempt of court: And provided further, that when such waiver of jury is made,

imprisonment may follow judgment of the court without conviction by a jury." 1 S. & C. Stat., p. 1410, Ch. 36, par. 531.

Section 12 of Art. 18 of the act first above referred to, is as follows:

"Sec. 12. No person shall be imprisoned for non-payment of a fine or a judgment in any civil, criminal, *quasi* criminal, or *qui tam* action, except upon conviction by a jury: Provided, that the defendant or defendants in any such action may waive a jury trial by executing a formal waiver in writing; and when such waiver of jury is made, imprisonment may follow the judgment of the court without conviction by the jury. This section shall not apply to fines inflicted for contempt of court." 2 S. & C. Stat., p. 2464, Ch. 79, par. 175.

It will be observed that sections 1 and 12, above quoted, are substantially the same, the difference being merely formal.

Section 2 of Chapter 131 of the Revised Statutes, is as follows: "The provisions of any statute, so far as they are the same as those of any former statute, shall be construed as a continuation of such prior provisions, and not as a new enactment." 3 S. & C. Stat., p. 3837.

Counsel for plaintiff contends, first, that the word "jury," as used in the act of 1893, must be understood as meaning a jury of twelve men, the word "jury" having that fixed and well understood meaning at common law; and, secondly, that the act of 1893, having been incorporated in the act of 1895, with regard to justices and constables, can not be regarded as a new enactment, and must, therefore, have the same interpretation as it would have if not so incorporated. There has been no judicial interpretation of the word "jury," as used in the act of 1893, so that the rule that when a section of a law has been judicially construed such construction will follow it when incorporated in a subsequent law, has no application. Counsel for plaintiff assumes that the word "jury," as used in the act of 1893, necessarily means a jury of twelve men, and must be so understood. This we are

not prepared to concede.   When the act of 1893 was passed, there were, and now are, cases within the jurisdiction of a justice of the peace, judgments in which may be satisfied by imprisonment, and the act of 1893 applied as well to cases of the character mentioned in the act, within the jurisdiction of justices of the peace, as to cases not within their jurisdiction, and triable only in a court of record.   The act, therefore, applying to two classes of cases, the one class within the jurisdiction of a justice of the peace, and the other not, the question is whether the Legislature intended by the act of 1893, that in a case such as is described in the act, within the jurisdiction of a justice of the peace, and tried before a justice, there must be a conviction by a jury of twelve men, to warrant imprisonment for non-payment of the fine or judgment following conviction.   At common law justices of the peace were mere conservators of the peace, and might inquire in regard to felonies and misde-meanors, but there were no jury trials before them.   1 Bl. Com. 349 *et seq.*

The Constitution of 1818 of this State, Art. 8, Sec. 12, provided : "That the right of trial by jury shall remain inviolate."   Under that Constitution a jury of six men in justice's courts was authorized by statute.   Rev. Stat. 1845, p. 321, Sec. 44.

The Constitution of 1848, Art. 13, Sec. 6, contained, sub-stantially, the same provision as the former Constitution, and the same statute was continued in force under the Con-stitution of 1848.   1 People's Stat., 1856, p. 68, Sec. 4.

It thus appears that prior to 1870, when the present Con-stitution was adopted, it was familiar law that in justices' courts a jury of six men might be a lawful jury.

Sec. 5 of Art. 2 of the Constitution of 1870 is as follows :

"The right of trial by jury, as heretofore enjoyed, shall remain inviolate, but the trial of civil cases before justices of the peace by a jury of less than twelve men may be authorized by law.

Sec. 13 of the same article provides as follows :   "Private property shall not be taken or damaged for public use with-

out just compensation. Such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law."

In McManus v. McDonough et al., 107 Ill. 95, the court held that the word "jury," as used in the section last quoted, does not necessarily mean a jury of twelve men in all cases. The case involved the ascertainment of the compensation to be paid to the owners of land proposed to be taken for a public road. Section 44 of the road law authorized an ascertainment of such compensation by a jury of six persons. The compensation was thus ascertained, and McManus appealed. It was specifically urged in support of the appeal, that the word jury in Sec. 13, Art. 2, of the Constitution, means a common law jury. Ib. 97. But the court held otherwise, saying :

"It is true the 13th section of article 2 provides that compensation for property taken or damaged for public use shall be ascertained by a jury, but it does not specify the number of which it shall be composed. The same article, by section 5, as we have seen, has recognized a jury of less than twelve men in the trial of civil cases tried before a justice of the peace. We then have two juries specified by that article, one of less than twelve men, in trials before a justice of the peace, and twelve in other judicial tribunals. The first clause of section 5 manifestly refers to a jury composed of twelve men as the general rule, but the latter clause makes an exception to the rule by expressly authorizing a smaller number in civil cases before justices of the peace, and we must suppose the framers of the 13th section used the term to embrace all cases specified in the 5th section. Had they not, they surely would have limited the term to one or the other of the provisions of the 5th section."

In the present case the act of 1893 contemplated, as heretofore stated, both cases within the jurisdiction of a justice of the peace, and cases beyond such jurisdiction; and prior to the passage of that act, and at the date of its passage, a jury of six persons, in trials before justices, was authorized

by law, and the legislature may well be presumed to have passed the act of 1893 with reference to such prior legislation.

McManus v. McDonough, *supra*, is decisive that the word "jury," when used in a statute, is not, in this State at least, always to be understood as exclusively meaning a jury of twelve men.

It is a familiar rule of construction that "one part of a statute must be construed by another that the whole may, if possible, stand." 1 Bl. Com. 89.

In Williams v. The People, 17 Brad. 274, the court, McAllister, J., delivering the opinion, state the rule thus: "It is a rule of law, as well as of common sense, that in construing a statute, the court is required to carefully look at and consider all its provisions, and to so construe it that all its several parts may stand, and each have some effect given to it, if possible."

Section 13, Art. 5, of the act of 1895, in relation to justices and constables, is as follows:

"Section 13. In all cases of trial before a justice of the peace, either party may have the cause tried by a jury, if he shall so demand before the trial is entered upon, and will first pay the fees of the jurors. The number of jurors shall be six or any greater number not exceeding twelve, as either party may desire." 2 S. & C. Stat., C. 70, par. 49.

By the terms of this section the jury is to be six in all cases, unless one of the parties may request a greater number not exceeding twelve. There is no inconsistency or repugnance between this section and the subsequent section 12 of Art. 18 of the same statute. The latter section, therefore, must be construed as meaning a jury such as is described in the prior action, viz., of six men, except when one of the parties may request a greater number not exceeding twelve.

We are of opinion that such was the intention of the Legislature.

The judgment will be affirmed.

Judge WINDES took no part in this decision.