VACLAV HERMANEK

*v.*

SIGMUND GUTHMANN *et al.*

*Opinion filed April 17, 1899—Rehearing denied June 8, 1899.*

1. JUSTICES OF THE PEACE—*construction of section 12 of article 18 of Justices act of 1895.* Section 12 of article 18 of the act of 1895 on justices and constables, (Laws of 1895, p. 224,) providing that "no person shall be imprisoned for non-payment of  *  *  *  a judgment in any civil  *  *  *  action except upon conviction by a jury," applies as well to judgments by justices of the peace and juries empaneled in justice courts as to those of courts of record.

2. SAME—*execution against body may issue on verdict in tort by jury of six in justice's court.* Under section 5 of article 2 of the constitution, and section 13 of article 5, section 12 of article 18 and section 3 of article 11 of the act of 1895 on justices and constables, an action of tort before a justice may be tried by a jury of six men, and execution may issue against the body of the defendant for non-payment of the judgment rendered on the verdict.

*Hermanek* v. *Guthmann,* 72 Ill. App. 370, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

This is an action of trespass, brought on April 13, 1896, by the plaintiff in error, Vaclav Hermanek, against the defendants in error, Zigmund Guthmann, Edward F. Carpenter, Edwin Sherman and John K. Prindiville. The suit appears to have been dismissed or dropped as to Prindiville. The declaration, as originally filed, contains one count, alleging that, on December 18, 1895, at Chicago, in Cook county, the defendants arrested the plaintiff, and caused him to be imprisoned without reasonable or probable cause for more than twenty-four hours. The amount of the damages sought to be recovered, as alleged in the declaration, is $5000.00. Guthmann and Carpenter filed a plea of not guilty, and also three special pleas. Sherman also filed a plea of not guilty and certain special pleas.

Demurrers were filed to the special pleas of the defendants which were disposed of by the court. Subsequently the plaintiff below obtained leave to file an additional count, which he did. Said additional count was in case. The defendants obtained leave to file and did file an additional plea to the first count of the plaintiff's declaration, which was a joint plea by the three defendants Guthmann, Carpenter and Sherman. To this additional plea the plaintiff filed a general demurrer, and also assigned special causes of demurrer. The court overruled the demurrer to the joint special plea of the defendants, and the plaintiff elected to stand by his demurrer. Thereupon the court rendered judgment in favor of the defendants below, and against the plaintiffs for costs. Plaintiff below, the present plaintiff in error, took an appeal from this judgment to the Appellate Court, where the judgment was affirmed. The present writ of error has been sued out from this court for the purpose of reviewing the judgment of affirmance, entered by the Appellate Court.

The joint special plea of the defendants in error, Guthmann, Carpenter and Sherman, alleged that Guthmann and Carpenter and one John Telling, now deceased, were partners in business at Chicago, and Sherman was an employe of the firm; that, on October 31, 1895, an action in tort was brought by Guthmann, Carpenter and Telling, as plaintiffs, before John K. Prindiville, a justice of the peace in and for the town of South Chicago, against Hermanek, the plaintiff in error here, to recover damages for fraudulently obtaining from the firm and converting to his own use goods, etc., of the value of $90.70; that, in the suit, summons was issued, and served, and made returnable before the justice on November 12, 1895, at which time a continuance was taken on the motion of the plaintiff until November 15, at nine o'clock; that, at the latter date, the case was called for trial before the justice, the plaintiffs only being present; that plaintiffs demanded a trial by jury, and thereupon a jury of six men was duly

summoned, sworn and empaneled; that the jury returned a verdict, finding the issues for the plaintiffs and against Hermanek and that the value of the goods was $90.70; that the jury assessed the damages at $90.70 in tort, and thereupon the justice rendered judgment in tort for that amount and the costs against Hermanek; that, on December 9, 1895, execution was issued against the body of Hermanek and thereunder he was arrested, and taken to the county jail, and imprisoned for the time stated in the declaration.

GEORGE G. BELLOWS, for plaintiff in error.

HINER & WATERS, and BAYLEY & WEBSTER, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The declaration in this case, as finally amended, consisted of two counts. Some six or more pleas were filed to the declaration. Demurrers were filed to these pleas and disposed of by the court. It is unnecessary, however, to consider any issue, except that which is made by the demurrer filed by the plaintiff in error to the joint special plea of the defendants in error. This is so, because counsel for plaintiff in error states in his brief that he rests on the first count and the proceedings thereon. Counsel also states, that he does not rely upon the causes of special demurrer to such joint special plea, but relies solely upon the question hereinafter referred to as to the trial by jury.

The joint special plea of defendants in error alleged, that a jury of six men was summoned, sworn and empaneled upon the demand of the defendants in error, and that the verdict, upon which the judgment in tort was rendered against the plaintiff in error, was returned by a jury of six men only.

The contention of the plaintiff in error is, that the judgment in tort, under which he was arrested, was invalid, because the verdict, upon which it was based, was rendered by a jury of six men, instead of being rendered by a jury of twelve men. We do not deem it necessary to discuss the question, whether or not the point here made can be raised in this collateral proceeding. Counsel for defendants in error contend that, even if a jury of twelve men was required by the law for the trial of the plaintiff in error in the action in tort brought against him, yet that the justice had jurisdiction over the subject matter and over the person of the plaintiff in error, and that, therefore, the judgment of the justice cannot be attacked in a collateral proceeding. Without expressing any opinion as to the contention thus made by counsel for the defendants in error, it may be admitted, for the purposes of this case, that the constitution of the jury may here be inquired into.

We are of the opinion, that the case was properly tried before a jury of six men for the reasons hereinafter stated.

The action in tort, brought against the plaintiff in error before the justice, was brought in October, 1895. At that time the act of June 26, 1895, to revise the law in relation to justices of the peace and constables was in force. (Sess. Laws of 1895, p. 182). Section 12 of article 18 of the act of 1895, provides as follows: "No person shall be imprisoned for non-payment of a fine or a judgment in any civil, criminal, *quasi* criminal, or *qui tam* action, except upon conviction by a jury: *Provided,* that the defendant or defendants in any such action may waive a jury trial by executing a formal waiver, in writing, and when such waiver of jury is made, imprisonment may follow the judgment of the court without conviction by the jury. This section shall not apply to fines inflicted for contempt of court."

It is contended by counsel for plaintiff in error, that the jury referred to in section 12 as above quoted means

a common law jury of twelve men, and does not refer to a jury of six men. Section 12, as thus placed in the act of 1895, is the same as the act of June 17, 1893, entitled "An act to provide a trial by jury in all cases where a judgment may be satisfied by imprisonment."

Counsel discuss section 12 from two points of view, one having reference to its existence as a separate and independent act passed in 1893, and the other having reference to its embodiment in the act of 1895, as a part of the latter act. Whether it be looked at from the one point of view or the other, there can be no doubt that section 12 refers to judgments in civil actions rendered in courts of record, and also those rendered by justices of the peace, and to juries empaneled in justices' courts, as well as to juries empaneled in courts of record. The language is general: "No person shall be imprisoned for non-payment of * * * a judgment in any civil * * * action except upon conviction by a jury." If the section includes judgments rendered before justices of the peace and verdicts in trials before justices of the peace, it must necessarily refer to such juries as are empaneled under the laws applicable to cases before justices of the peace.

Section 5 of article 2 of the constitution is as follows: "The right of trial by jury, as heretofore enjoyed, shall remain inviolate; but trial of civil cases before justices of the peace by a jury of less than twelve men may be authorized by law." The constitution thus expressly provides for the existence of juries consisting of less than twelve men in cases before justices of the peace, provided the legislature passes a law authorizing the same. Such a law was passed in 1872. Section 44 of the Justice act of 1872 is as follows: "In all cases of trial before a justice of the peace either party may have the cause tried by a jury, if he shall so demand before the trial is entered upon, and will first pay the fees of the jurors. The number of jurors shall be six or any greater number not exceeding twelve, as either party may desire." (2 Starr &

Curt. Ann. Stat. p. 1447). In view of the constitutional provision thus referred to and of the law passed in 1872, the act of 1893 must have contemplated such juries as are provided for in cases before justices of the peace.

When the act of 1895, revising the law in relation to justices of the peace, was passed, section 44, as it appeared in the act of 1872, was embodied in and made a part of the act of 1895 as section 13 of article 5. It thus appears that the act of 1893 and section 44 of the act of 1872 are now both of them parts of the act of 1895. The act of 1893, which, as already stated, is section 12 of article 18 of the act of 1895, would not have been made a part of the latter act, unless it was intended to refer to such juries as are allowed before justices of the peace, for the reason that the act of 1895 is an act to revise the law in relation to justices of the peace.

It is clear that section 13 of article 5 and section 12 of article 18 must be construed together, as they are parts of the same act. As in one part of the act of 1895, to-wit: section 13 of article 5, the legislature provided that, in cases tried before justices of the peace, the number of the jurors shall be six or any greater number not exceeding twelve as either party may desire, it is manifest that section 13 of article 5 must be considered in determining the meaning of the word "jury," as used in another part of the act, to-wit: section 12 of article 18. In *Mette* v. *Feltgen*, 148 Ill. 357, we held the true rule of construction to be, that, when various statutes or parts of statutes are re-enacted and incorporated into one act, all the several sections on the same subject should be construed together, and, if possible, made consistent and harmonious with each other. (*Ex parte Ray*, 45 Ala. 15). The view here taken makes the two sections harmonize with each other.

The question here involved was substantially the same question, which was decided by this court in *Mc-Manus* v. *McDonough*, 107 Ill. 95. It appeared in that case, that the legislature had passed a general law for the

assessment of damages for land, condemned by commissioners of highways for roads, before a jury of six men in a proceeding before a justice of the peace; and the question arose whether such assessment was valid and binding on the land owner as being made by a jury constituted of less than twelve men. The law in question was there held to be valid. Section 13 of article 2 of the constitution provides, that private property shall not be taken or damaged for public use without just compensation, and that such compensation, when not made by the State, shall be ascertained by a jury. In *McManus* v. *McDonough, supra,* it was contended, that the jury referred to in that section of the constitution was a jury of twelve men, and that, therefore, the law, authorizing the assessment of damages before a jury of six men before a justice of the peace was unconstitutional. In that case, we held that the framers of the 13th section used the term "jury" to embrace both classes of juries, that is to say, one class of less than twelve men in trials before justices of the peace, and the other class of twelve men in other judicial tribunals.

Section 3 of article 11 of the act of 1895 is as follows: "Upon all judgments in actions in tort or where the defendant is in custody or has been held to bail upon a *capias,* as provided in this act, the justice may issue an execution against the body or goods and chattels of the defendant at the election of the plaintiff." (Sess. Laws of 1895, p. 214). Hence, the justice of the peace, rendering the judgment referred to in the joint special plea, was authorized to issue an execution against the body of the plaintiff in error.

For the reasons here stated, we are of the opinion that the court below committed no error in overruling the demurrer of the plaintiff in error to the joint special plea of the defendants in error. That plea presented a good defense to the action, notwithstanding the allegation therein that the verdict, rendered in the suit before the

justice of the peace, was rendered by a jury of six men. The constitution and the law authorized a verdict by a jury so composed.

The judgment of the Appellate Court is accordingly affirmed.