Elizabeth Shilvock, Appellant, v. The Retirement Board of the Policemen's Annuity and Benefit Fund, Appellee.

Gen. No. 38,179.

Opinion filed April 22, 1936.

DANIEL S. WENTWORTH and LEONARD F. CARMODY, both of Chicago, for appellant; ROBERT F. DEWEY, of Chicago, of counsel.

WILLIAM H. SEXTON, Corporation Counsel, and GEORGE F. MULLIGAN, Assistant Corporation Counsel, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an order of the circuit court quashing a writ of certiorari filed by the plaintiff Elizabeth Shilvock against The Retirement Board of the Policemen's Annuity & Benefit Fund, wherein Elizabeth Shilvock sought to have her name placed upon the Pension Roll of the defendant, as she is the widow of a deceased police officer who it is alleged died as the result of injuries received by him while on police duty.

In order that the circuit court could review the action of the defendant, it was necessary to have before it a record of the proceedings of the defendant board, and pursuant thereto on August 1, 1933, a writ of certiorari issued from the circuit court returnable to the September Term, 1933, commanding the respondent to "cause to be certified and bring a *full, true* and *complete* transcript of *all* records, papers, documents or files connected with or relating to or concerning the claim of the aforesaid Elizabeth Shilvock to receive a pension," etc.

On September 11, 1933, a return was filed which recited:

"*As and for a return to the Writ of Certiorari heretofore issued in this cause,* the Retirement Board of the Policemen's Annuity and Benefit Fund, respondent herein, respectfully submits the following:" Then follows a list of documents or copies thereof, being a copy of plaintiff's application for a pension, and several letters concerning the accident which it was claimed resulted in the death of plaintiff's husband while on duty as a police officer, reports of doctors, the history of the claim, public records and a summary and conclusions, a medical statement and a statement by the attorney for the board, reports of meetings and roll calls.

Attached to the return is an affidavit of one Patrick E. Dwyer, dated September 11, 1933, which states that he is the secretary of the Retirement Board of the Policemen's Annuity and Benefit Fund of Chicago, and is the keeper of the records, papers and files thereof; that he does hereby certify that the foregoing is a true, perfect and correct copy of the record of the proceedings had before said Retirement Board in, about or concerning the claim of Elizabeth Shilvock to receive a pension, "*so far as this affiant is advised are necessary to this answer.*" The respondent then prays that having made its return that the writ of certiorari heretofore issued in this cause be quashed.

On December 6, 1934, the matter came on to be heard in the court below upon the petition, the writ, and the return of the respondent to said writ, and the court "Ordered that the writ of certiorari heretofore issued in this cause be and the same is hereby quashed."

The first question tendered for consideration is whether or not the limitation in the certificate of the return to the writ by the secretary of the pension board is in compliance with the order of the court.

The court order of August 1, 1933, commanded respondent to cause to be certified and bring a *full, true*

and *complete record* of *all* documents, papers or files connected with or relating to'' the case. The return that was made said it was a true and correct copy of the record and the proceedings had before the Retirement Board *''so far as this affiant is advised are necessary to this answer.''*

The only office which the common law writ of certiorari performs is to bring before the court the record of the proceedings of an inferior tribunal for an inspection by a superior tribunal. The superior tribunal, upon an inspection of the record, alone, when the writ is sufficient and the writ has been properly issued, determines whether the inferior tribunal had jurisdiction of the parties and of the subject matter, and whether it has exceeded its jurisdiction or has otherwise proceeded in violation of law. *Hahnemann Hospital v. Industrial Board,* 282 Ill. 316; *Brown v. Van Keuren,* 340 Ill. 118; *McManus v. McDonough,* 107 Ill. 95, 99.

From a reading of the record we cannot tell how much was certified to the court and how much was omitted. When the secretary was advised as to what to put in, he may or he may not have left out important records and documents, and when the court's order directed him to bring a full, true and complete record of all documents, papers or files connected with or relating to the case, nothing less than that would satisfy the order or be sufficient for the court to review in its entirety the proceedings of the said board. The court should have had the entire record before it before passing upon the motion to quash the writ and, in quashing the writ without having before it the complete record, committed error.

For the reasons above given the judgment order of the circuit court should be and the same is hereby reversed and the cause is remanded with directions to vacate the order quashing said writ and to have a com-

plete and unqualified return made to the said writ of certiorari of August 1, 1933.

*Judgment order reversed and cause remanded with directions.*

HALL, P. J., and HEBEL, J., concur.