(No. 25825.)
ELIZABETH SHILVOCK, Appellee, *vs.* THE RETIREMENT
BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT
FUND OF CHICAGO, Appellant.

*Opinion filed December 12, 1940.*

BARNET HODES, Corporation Counsel, (GEORGE F.
MULLIGAN, of counsel,) for appellant.

DANIEL S. WENTWORTH, and GEORGE P. NOVAK,
(HOWARD F. BISHOP, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the
court:

This is an appeal from an order entered in a *certiorari*
proceeding in the circuit court of Cook county, which
quashed the record in a hearing on an application for pen-
sion. The retirement board had denied Mrs. Shilvock's
application for a widow's pension. The claim is made that
this court has jurisdiction on direct appeal from the circuit
court because the constitutionality of a statute is involved.

Appellee's husband, Charles E. Shilvock, was struck by a wagon on May 10, 1911, while on duty as a patrolman. The official report of the accident shows his "left knee bruised." He died on October 27, 1914. The death certificate shows the cause of death was chronic, interstitial hepatitis—hardening of the liver. On December 24, 1914, appellee filed an application for widow's pension with the pension board under the Police Pension act of 1887 (Ill. Rev. Stat. 1939, chap. 24, par. 880, *et seq.*) which was then in force. She claimed the death was caused by the injury of May 10, 1911. On December 29, the board notified her in writing of the date of the hearing. The record shows conflicting written opinions of physicians as to whether there was a causal connection between the accident and the death. At the hearing on January 13, 1915, the application was denied. Appellee took no further step before the board and did not, by appeal or otherwise, attempt to have its action reviewed by any court.

In 1915, the General Assembly enacted a new Police Pension act, which, in 1921, was superseded by the present Policemen's Annuity and Benefit Fund act. (Ill. Rev. Stat. 1939, chap. 24, par. 945, *et seq.*) In June, 1923, more than eight years after her first application had been denied, appellee filed with appellant a sworn declaration for pension on account of the death of her husband, accompanied by several affidavits, and a purported copy of the record of the board of health showing the cause of his death was chronic interstitial nephritis. The declaration was treated by the board as an application for rehearing of its prior order entered in January, 1915, and it denied relief June 20, 1923. The declaration does not purport to be an application for rehearing.

In December, 1923, appellee filed a *mandamus* petition to compel the board to grant her a pension. A demurrer to that petition was sustained and, although leave was given, the petition was not amended. After long delay, the court

refused to dismiss the *mandamus* petition and stated that appellee should be given an opportunity to have her rights determined. When the board learned this, her claim was set for hearing.

The return of appellant to the declaration for a pension set up the earlier proceedings and the order of January 13, 1915. Hearings were had up to May 19, 1933, at which time the board referred the entire record to its attorney and physician for a report and their conclusions. June 23, 1933, the board approved this report. It adopted a motion that no change be made in its decision of January 13, 1915, at which time the claim had been denied.

On *certiorari* the circuit court quashed the writ. The Appellate Court reversed the judgment and remanded the cause because the return was not a complete copy of the proceedings. (*Shilvock* v. *Retirement Board*, 285 Ill. App. 178.) On remandment, the circuit court again quashed the writ and on a second appeal, the Appellate Court stated that the board acted upon the report of the attorney and the physician instead of acting upon evidence before the board. That court then remanded the cause for further proceedings consistent with the views expressed in the opinion. 301 Ill. App. 84.

Meanwhile, on May 5, 1939, the General Assembly amended section 38 of the Policemen's Annuity and Benefit act. (Ill. Rev. Stat. 1939, chap. 24, par. 982 f.) The amendment deprives the widow of any policeman who died prior to January 1, 1922, of any right to an annuity if she had been denied a pension by the board of trustees under any law other than the present law. After the second remandment, the board invoked this amendment in a motion to quash the writ and with an alternate motion for leave to file an amended record.

Appellee objected to the motions. She stated that she had complied with all statutory requirements and that her rights under the 1887 act were preserved by the acts of

1915 and 1921; that those rights accrued at the date her husband died and could not be abrogated; that the amendment did not affect this case and that it is unconstitutional.

The order of the trial court recites an examination and consideration of the mandate and opinion of the Appellate Court, denies the motion to dismiss and quashes the record. It does not mention any contention of the parties as to the statutory amendment, or any question as to its constitutionality. The remarks of the court in entering the order disclose that the motions of appellant to dismiss or to file an amended record were denied on the ground that permitting the filing of an amended record would allow or require the board to take additional proceedings to overcome the error mentioned by the Appellate Court, and that the trial court had no such authority, and that under the law of *certiorari* and the mandate, the only thing the court could do was to quash the record, which was accordingly done. The constitutionality of the statute was not passed upon.

Appellant claims the first denial by the board was an adjudication of appellee's claim and it stands as final because never reviewed by any court, and that none of the statutes gives any succeeding board the power to review the action of the pension board under a prior law. Appellee claims that the successive statutes preserved all her rights under the 1887 law. These questions raised a decisive issue. Where the issues can fairly be determined without reference to the assailed statute, the constitutionality of the statute cannot be said to be involved so as to give this court jurisdiction. (*Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co.* 246 Ill. 620.) Even though a constitutional question is raised in the trial court, if a final judgment was rendered on other issues no constitutional question is presented for review on appeal to this court. This court has jurisdiction by direct appeal only where the constitutionality of the act was the primary in-

quiry in the trial court. (*Ryan* v. *City of Chicago,* 363 Ill. 607; *Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co. supra.*) In order to give this court jurisdiction the record must affirmatively show that the constitutional question was not only presented to the trial court for decision but was passed upon by it. *Ryan* v. *City of Chicago, supra; McNeil & Higgins Co.* v. *Neenah Cheese Co.* 290 Ill. 449; *Odin Coal Co.* v. *Industrial Com.* 297 id. 392.

Under these holdings, this court has no jurisdiction of this cause on direct appeal and it is transferred to the Appellate Court for the First District.

*Cause transferred.*