Elizabeth Shilvock, Appellee, v. Retirement Board of the Policemen's Annuity and Benefit Fund of Chicago, Appellant.

Gen. No. 41,636.

 Heard in the third division of this court for the first district at the October term, 1940. Opinion filed June 25, 1941. Rehearing denied September 26, 1941.

BARNET HODES, Corporation Counsel, for appellant; GEORGE F. MULLIGAN, Assistant Corporation Counsel, of counsel.

DANIEL S. WENTWORTH and GEORGE P. NOVAK, both of Chicago, for appellee; HOWARD F. BISHOP, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is a proceeding in *certiorari* to review the action of the appellant-respondent board in refusing to grant a widow's pension to the appellee-petitioner, whose husband died on October 20, 1914, and who had previously been denied a widow's pension on January 13, 1915, by a former police pension board created by the police pension fund Act of 1887. The *nisi prius* court quashed the record, and appellant appealed from that judgment order to the Supreme Court of Illinois upon the ground that the constitutionality of section 982 (f) of chap. 24 of the Statutes of Illinois (Ill. Rev. Stat. 1939, ch. 24, sec. 982 (f) [Jones Ill. Stats. Ann. 100.162]) was involved. The Supreme Court passed upon the question as to whether a constitutional question was involved, and for the reasons stated in the

opinion (*Shilvock v. Retirement Board of Policemen's Annuity & Benefit Fund of Chicago,* 375 Ill. 68), the cause was transferred to this court.

The facts as they appear from the record and as called to our attention by the appellant-respondent are that the petitioner, Elizabeth Shilvock, is the widow of Charles E. Shilvock, a deceased Chicago patrolman. On May 10, 1911, Officer Shilvock, while on crossing duty, had his "left knee bruised," according to the official accident report. On October 20, 1914, Officer Shilvock died of chronic interstitial hepatitis (hardening of the liver), and on December 24, 1914, the petitioner filed an application for a pension as his widow, claiming that his death was caused by the injury received by him on May 10, 1911, three and one-half years prior to his death. The pension board which was created by the Police Pension Act of 1887 (Ill. Rev. Stat. 1939, ch. 24, sec. 880 [Jones Ill. Stats. Ann. 100.100]) was in operation at that time and, after notice to the petitioner of the date of hearing on her claim, found against her and denied her a pension. It appears that no further action was taken by her before that board and no appeal made to any court for a review of that board's action in denying her a pension.

In 1915 a new Police Pension Fund Act was passed by the General Assembly of Illinois, superseding the pension fund created by the Act of 1887 (Ill. Rev. Stat. 1939, ch. 24, sec. 905, 917 [Jones Ill. Stats. Ann. 100.112, 100.124]). In 1921 the Police Pension Fund Act of 1915 was itself superseded by the present Policeman's Annuity and Benefit Fund Act (Ill. Rev. Stat. 1939, ch. 24, sec. 945, *et seq.* [Jones Ill. Stats. Ann. 100.125, *et seq.*]

In June 1923, eight years after a pension had been denied the petitioner by the 1887 board, the petitioner filed with the Retirement Board of the Policeman's Annuity and Benefit Fund of Chicago, a declaration

for a pension, accompanied by a photostatic copy of what purported to be the official record of the Department of Health of the city of Chicago, showing that her husband had died of chronic interstitial nephritis, a kidney disease. This certificate was proved to be a forgery and her application was denied on June 20, 1923.

In December 1923, the petitioner filed a petition in *mandamus* against the Retirement Board to obtain an order from the court that she be paid a pension. A demurrer to the petition was sustained and the petitioner given ninety days to file an amended petition. No amended petition was ever filed. On November 13, 1931, eight years after the suit had been filed and nearly seventeen years after the ruling—denying petitioner a pension—entered by the pension board created by the Police Pension Act of 1887, the court (Judge TAYLOR) refused to dismiss the mandamus proceeding of 1923 on the ground that the court felt that the widow should be given an opportunity to have her rights adjudicated. This was reported to the respondent board and a hearing was arranged for the petitioner to be held on December 10, 1931, with notice thereof to the petitioner. The petitioner did not appear before the board personally or with any witnesses until March 10, 1932. Hearings were thereafter held at various dates until May 19, 1933, on which later date the entire record in the case was referred to the attorney and physician of the respondent board to summarize and report their conclusions to the board.

On June 23, 1933, the respondent board considered the summation and report and entered the following order:

"It was moved by Trustee McCarthy and seconded by Trustee Dwyer that the report of the Attorney and Physician for the Board in the Shilvock case be approved and concurred in; that said report be made a part of these proceedings, and that the Board make no

change in the decision entered on January 13, 1915, denying the claim of Elizabeth Shilvock." Petitioner sought a review of this action of the board by *certiorari* in the circuit court of Cook county. The writ of *certiorari* has twice been quashed in the circuit court, and the judgment orders reversed twice in the Appellate Court; once for defective certificate and failure to include all the evidence; and once because the evidence had been referred to the attorney and physician to be summarized and a report made.

In this appeal, pending in the Supreme Court on the ground that the constitutionality of a statute was involved, the Supreme Court held (*Shilvock v. The Retirement Board of Policemen's Annuity & Benefit Fund of Chicago,* 375 Ill. 68) that in order to give the Supreme Court jurisdiction of a direct appeal involving the validity of a statute or a constitutional question, the record must affirmatively show that the question was not only presented to the trial court for decision but was passed upon by it, and, even though the question was raised in the trial court, if a final judgment was rendered on other issues, no constitutional question is presented for review on appeal to the Supreme Court, and the court held that it had no jurisdiction of this cause on direct appeal, upon the questions as presented, and the cause was transferred to the Appellate Court First District.

From the facts appearing in this record, petitioner in 1923 filed what was entitled a Declaration for Widow's Pension, being a second application for a pension and constituting the application now before the court. It is claimed that the respondent board had no jurisdiction to grant this second application. The jurisdiction of the Retirement Board is limited by section 6(g) of the Act of 1921 (Ill. Rev. Stat. 1939, ch. 24, sec. 950 (g) [Jones Ill. Stats. Ann. 100.130]) as follows:

"(g) Consider and pass upon all applications for annuities, pensions, and benefits; authorize the pay-

ment of any annuity, pension, or benefit whether such annuity, pension, or benefit was or shall be granted under and by virtue of the provisions of this Act, or under and by virtue of the provisions of any other Act or Acts relating to police pensions, heretofore in force and effect in such city and which have been superseded by this Act; inquire into the validity and legality of any grant of annuity, pension, or benefit paid from or payable out of the annuity and benefit fund herein provided for, whether such annuity, pension, or benefit shall have been or shall hereafter be granted in accordance with this Act or in accordance with any other Act or Acts relating to police pensions in force and effect in such city prior to the date upon which this Act shall have come in force and effect therein; increase, reduce, or suspend any annuity, pension, or benefit to be paid from the annuity and benefit fund herein provided for whenever such annuity, pension, or benefit or any part thereof was secured or granted, or the amount thereof fixed, as the result of misrepresentation, fraud, or error; provided, however, that no such annuity, pension, or benefit shall be reduced or suspended until the annuitant, pensioner, or beneficiary concerned shall first be notified of the proposed action and be given an opportunity to be heard concerning such proposed action." The respondent calls our attention that under this statute the Retirement Board is given the power to act in the matter of any grant of pension, no matter what pension board made the grant, since it would be anomalous for the retirement board to continue to pay a pension obtained through fraud or misrepresentation; but the legislature did not give to the Retirement Board any power, and hence it has no jurisdiction, to inquire into the action of any former pension board which denied a pension, nor to review, reverse, or annul the ruling of any preceding pension board denying a pension. In other words, as respondent suggests, pensions granted can be reviewed and annulled, but pensions denied

must remain denied so far as concerns the power or jurisdiction of the respondent board to set aside such denial.

The respondent board permitted the petitioner to present her evidence, but it developed that the injury alleged and the cause of death (established by the petitioner through the filing of a photostatic copy of the correct official Record of Death, filed May 19, 1933) showed that it was the same claim which had been denied in 1915. The question before this court is whether respondent board had any power to review or annul the denial of 1915, or whether the court itself can give the necessary jurisdiction. It is only the legislature, which created the board, that can confer jurisdiction, and the legislature has not given the respondent board jurisdiction to review and annul the action of a former board in, denying a pension. The legislature in the enactment of the Police Pension Act of 1887 preserved the rights of persons receiving or entitled to pensions under the Police and Firemen's Act of 1877 (Ill. Rev. Stat. 1939, ch. 24, sec. 891 [Jones Ill. Stats. Ann. 100.111]) ; and in the Police Pension Act of 1915, the legislature (Ill. Rev. Stat. 1939, ch. 24, sec. 916 [Jones Ill. Stats. Ann. 100.123]) preserved the pension rights of persons entitled to or receiving pensions under the Police Pension Act of 1887 and specifically provided that ''neither pension granted thereunder nor the amount thereof, shall in any wise be affected.'' It is to be noted that the board of 1887 was not given jurisdiction to review actions or rulings of the 1877 board but was merely empowered to continue; to pay pensions to those entitled thereto under the Act of 1877; and in the 1915 Act the legislature not only gave the pension board no power or jurisdiction to review the denial of a pension by a prior board but specifically denied it the power or jurisdiction to even review the grant of a pension. Then the legislature enacted the Police Pension Act of 1921, known as

the Policeman's Annuity and Benefit Fund Act, which conferred upon the pension board the power and jurisdiction to ''inquire into the validity and legality of any grant of annuity, pension, or benefit paid from or payable out of the annuity and benefit fund herein provided for, whether such annuity, pension, or benefit shall have been or shall hereafter be granted in accordance with this act or in accordance with any other act or acts relating to police pensions in force and effect in such city prior to the date upon which this Act shall have come in force and effect therein'' with power to increase, reduce, or suspend any pension or benefit secured or granted as the result of misrepresentation, fraud or error. But from an examination of this act no power or jurisdiction was given to the board to inquire into the validity and legality of any denial of a pension by a prior board. Under section 982 (Ill. Rev. Stat. 1939, ch. 24, sec. 982, subsections 982 (f) and 982 (g) [Jones Ill. Stats. Ann. 100.162]) we find as follows:

''The following described wives or widows or policemen shall not have any right to annuity from the annuity and benefit fund herein provided for: . . . (f) The widow of any policeman who died prior to January 1, 1922, if such widow had been denied a pension by the board of trustees of any police pension fund existing in such city by operation of law under any legislative enactment other than this enactment. (g) The widow of any policeman who has been denied a pension or annuity by the retirement board created by this Act and who files a petition for a rehearing, or files a second application for pension or annuity, unless such petition for rehearing or such second application shall be filed within one (1) year after the date upon which pension or annuity was denied her by said retirement board; providing, however, that in the event such widow is prevented from filing such petition or application by reason of confinement in an

institution because of physical or mental illness, the year of limitation herein provided shall begin to run only on the day after her discharge from such institution.'' As we have indicated the petitioner filed her application for a pension on December 24, 1914, and the pension board created under the Act of 1887 found against her and denied her a petition. Thereafter, in June 1923, eight years after a pension had been denied by the 1887 board, petitioner filed a declaration for pension, accompanied by a photostatic copy of what purported to be the official record of the department of health of the city of Chicago showing that her husband had died of chronic interstitial nephritis, a kidney disease. This certificate proved to be a forgery and petitioner's application was denied forthwith on June 20, 1923. Subsequent to that time she filed her *mandamus* petition and subsequently the proceeding of *certiorari* now before this court on appeal. The question which we have to consider is whether the judgment—entered by the circuit court of Cook county in the *certiorari* proceeding—quashing the record was error.

It is called to our attention by the respondent board that it did not and could not assume jurisdiction to pass on petitioner's second application so far as concerns adjudicating her claim that the injury received by her husband in May 1911, caused his death in 1914. It appears from this statement that the case has simply discussed questions which have no relation whatsoever to the ultimate and decisive question of the board's power and jurisdiction to review the action of a preceding board, operating under the entirely separate and distinct Police Pension Act of 1887.

From our review of the statutory provisions that govern the actions of the respondent board, it could not acquire jurisdiction by simply hearing or permitting petitioner to present evidence. Only the legislature can confer jurisdiction to review and annul the action of a former board in denying a pension, and

the legislature has not conferred such jurisdiction. We believe that the court in entering the order quashing the record was in error. Referring back to sec. 982(f), this provision did not create any new law, destroy any pre-existing rights nor inflict any new hardships on petitioner, and—as is well said by respondent—it simply was a statutory declaration of a principle of pension law which had always existed in police pension administration. It is urged that no pension board had ever been given power or jurisdiction to review or alter the denial of a pension ruled on by a former board; and that the petitioner's remedy had always been in the courts by *certiorari*.

Under the circumstances we are of the opinion that the trial court erred when it entered the final judgment in the instant case quashing the record. The court should have dismissed the case by quashing the writ. The order of this court will be that the order entered by the trial court quashing the record is reversed, and it is ordered that the writ be quashed, and that respondent recover its costs in this behalf expended to be taxed and recovered from the petitioner.

*Reversed and writ quashed.*

BURKE, P. J., and DENIS E. SULLIVAN, J., concur.