(No. 28989.— )

ERVIN TURZINSKI, Appellee, *vs.* NORMAN PAM, Appellant.

*Opinion filed January 23, 1946.*

HINSHAW & CULBERTSON, (OSWELL G. TREADWAY, of counsel,) both of Chicago, for appellant.

JAMES A. DOOLEY, of Chicago, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is a direct appeal from a judgment of the superior court of Cook county. Jurisdiction on direct appeal is asserted because it is alleged that a constitutional question is involved. The alleged constitutional question is based on instruction No. 1, tendered by the plaintiff and given to the jury by the court. The instruction is as follows:

"1. You are instructed that at the time and place of the collision in question there was in full force and effect a certain statute of the State of Illinois which provided as follows: '(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk shall yield the right of way to

all vehicles upon the roadway. * * * (d) Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary.' If you believe from a preponderance of the evidence that the plaintiff was a pedestrian upon said Kimball Avenue and was in the exercise of ordinary care and caution for his own safety, and if you further believe from a preponderance of the evidence that the defendant violated said statute and that he was negligent in so doing and that such negligence on the part of the defendant proximately caused the occurrence in question through no fault on the part of the plaintiff, then you may find the defendant guilty."

Appellant concedes that the language of the statute in paragraph (a) of section 75 of the Uniform Traffic Act, (Ill. Rev. Stat. 1945, chap. 95½, par. 172,) quoted in the instruction, is a valid constitutional enactment. He tendered an instruction in which the same provision of the statute was set out. He contends, however, that that portion of paragraph (d) of said section of the statute set out in the instruction is unconstitutional. It will be noted that after setting out the two provisions of the statute above referred to, the instruction tells the jury that if it believes, from a preponderance of the evidence, that plaintiff was a pedestrian upon the public street, and was in the exercise of ordinary care and caution for his own safety and further that the defendant violated said statute and that he was negligent in so doing, and that such negligence on the part of the defendant proximately caused the injury, through no fault on the part of the plaintiff, then the jury may find the defendant guilty. While the instruction quoted the provisions of the statute, the rule of law stated in the instruction following the quotations from the statute is no different from the rule of the common law, regardless of the statute. *Moran* v. *Gatz*, 390 Ill. 478.

The instruction, taken as a whole, stated a correct rule under the common law and the fact that a portion of the language of the statute was incorporated in the instruction did not change the rule of the common law announced in the instruction. It did not authorize a recovery merely for a violation of the statute, unless the jury believed, from the preponderance of the evidence, that the acts of the defendant constituted negligence which proximately caused the injury. While the question of the validity of a portion of the section of the statute quoted in the instruction was raised in the trial court, the court was not required to pass on the constitutional question, and properly declined to do so, for the reason that the instruction stated a correct rule under the common law. If, instead of quoting the statute, the instruction had told the jury that it was the duty of the defendant to exercise due care to avoid colliding with the plaintiff upon the highway and to sound his horn or give other necessary warning of his approach, no one would question the correctness of the instruction.

Where the issues can be fairly determined without recourse to the assailed statute, the validity of the statute is not involved so as to give this court jurisdiction. (*Jenisek* v. *Riggs*, 381 Ill. 290; *Shilvock* v. *Retirement Board*, 375 Ill. 68; *Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co.* 246 Ill. 620.) In this state of the record the constitutional question alleged to be involved is nothing more than frivolous and is wholly insufficient to confer jurisdiction on this court on direct appeal.

There being no constitutional question necessarily involved, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*