THE COUNTY OF DEWITT, Appellee, *vs.* JAMES M. GREENE *et· al.*—(CLIFTON M. WARNER *et al.* Appellants.)

*Opinion filed February 18, 1926—Rehearing denied April 13, 1926.*

1. HIGHWAYS—*county cannot condemn land for highway under Bond Issue act of 1917.* The Bond Issue act of 1917 gives to the Department of Public Works and Buildings authority to acquire by eminent domain any land necessary to be taken in the construction of the durable, hard-surfaced roads described in the act, and nowhere in the act is any authority given to counties to acquire private property for the re-location of such roads; nor can section 13 of the State Highways act of 1921, giving counties such power in connection with State aid roads, be construed as applying to the durable, hard-surfaced roads described in the act of 1917.

2. STATUTES—*particular statutory provision will prevail over more general one.* Where there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other of which is particular and relates only to one subject, the particular provision must prevail and must be treated as an exception to the general provision.

APPEAL from the County Court of DeWitt county; the Hon. JOHN T. GRIDER, Judge, presiding.

L. O. WILLIAMS, F. K. LEMON, and H. M. MURRAY, for appellants.

.   WIRT HERRICK, State's Attorney, and W. F. GRAY, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a judgment of the county court of DeWitt county entered in a condemnation proceeding, by which the county seeks to take certain described lands of appellants for the purpose of re-locating a portion of Route 2 of the system of State highways near the city of Clinton.   The petition describes the lands sought to be taken, and alleges that the county is now engaged in the construction of that part of the system of State highways in said county, and that in the construction of the highways it is necessary for the county to acquire for the use of the public the lands described.   It is alleged in the petition that the county has authority to take these lands by virtue of section 126 of the Road and Bridge act and section 13 of the State Highways act.

The evidence shows that Route 2 of the system of State highways, which runs from Cairo north through Clinton to the State line near Beloit, Wisconsin, is substantially completed, except that part in DeWitt county between a point northwest of Wapella and a point south of Clinton; that the improvement of this portion of the highway had been delayed because the division of highways of the Department of Public Works and Buildings did not finally locate the route until June 17, 1925, and that the route finally chosen leaves the existing highway near Wapella and passes over the lands described in the petition.   By the condemnation proceeding filed, the county proposes to acquire the new right of way and then turn it over to the State as a part of Route 2 of the system of State highways.

Route 2 is described in the act of 1917 which provides for the construction by the State of a State-wide system of durable, hard-surfaced roads upon the public highways of the State. This is a special act, complete in itself, which describes the highways to be improved and provides the means of improving the same. Section 4 of the act provides that all payments for work done or obligations incurred under the provisions of the act shall be made by the State treasurer out of the State road bond fund. Section 11 of the act provides: "That whenever the making of any part of said proposed improvement, or the locating of a route or any part thereof, * * * will require that private property be taken or damaged, said Department of Public Works and Buildings, in its name, shall have the right to purchase the necessary land from the owner thereof, or if compensation therefor cannot be agreed upon, to have such just compensation ascertained and to acquire and pay for said property in the same manner, as near as may be, as provided for in the act" providing for the exercise of the right of eminent domain. Nowhere in the act is any authority given to a county to acquire private property for the re-location of a road described in the act. Section 19 of the general Road and Bridge act gives to the county the power to exercise the right of eminent domain where private property must be taken or damaged for the re-location of a State aid road, which is one built at the joint expense of the State and the county, and section 126 of the same act gives to the county a like power with respect to a road that is being improved by the county or jointly by the county and a town. The act of 1921 in relation to the construction by the State of durable, hard-surfaced roads upon public highways of the State, which by section 2 gives to the counties power to "take whatever steps may be necessary to enable such counties to aid the State in the construction of the durable hard-surfaced

roads," by section 6 gives to the Department of Public Works and Buildings, and to no other arm of the State government, the power to exercise the right of eminent domain with respect to such highways. Section 9 of the act in relation to State highways again grants to the Department of Public Works and Buildings "the right to acquire any lands, rights or other property necessary for the construction, repair or maintenance of State highways, or necessary for re-locating, widening or straightening any State highway, or necessary for any other purpose or use contemplated by this act by the exercise of the right of eminent domain under the eminent domain laws of this State." Section 13 of the same act, which is one of the sections upon which appellee relies for its authority to bring this proceeding, gives to the county the power to exercise the right of eminent domain in connection with State aid roads, but it has no relation to the durable, hard-surfaced roads provided for in the act of 1917.

A familiar rule of statutory construction is, that where there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other of which is particular and relates only to one subject, the particular provision must prevail and must be treated as an exception to the general provision. (*Chicago and Northwestern Railway Co.* v. *City of Chicago,* 148 Ill. 141; *People* v. *Rose,* 166 id. 422; *Dahnke* v. *People,* 168 id. 102; *Natural Products Co.* v. *County of DuPage,* 314 id. 74.) Inasmuch as the legislature has specifically authorized the Department of Public Works and Buildings to exercise the right of eminent domain with respect to certain highways and the counties to exercise the right with respect to other particularly described highways, it would indicate that the legislature did not intend to give the counties power to proceed except in those cases where authority is specifically given. The general scheme of the special acts with respect

to the durable, hard-surfaced roads of the system of State highways is opposed to the exercise of the extraordinary right of eminent domain by local subdivisions of the State in connection with such highways. The highways are under the exclusive jurisdiction of the Department of Public Works and Buildings, and all the expense in connection with the improvement of these highways is to be paid from the State treasury. Since the durable, hard-surfaced roads are being built solely at the expense of the State, the legislature quite properly placed in one of the executive departments of the State government exclusive control over the same, both as to construction and supervision and as to the exercise of the right of eminent domain. Under the laws of this State the Department of Public Works and Buildings, and no other arm of the State government, has authority to bring this proceeding.

The judgment of the county court is reversed.

*Judgment reversed.*