(No. 25534

EMMA E. HARRIS, Appellee, *vs.* THE SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, Appellant.

*Opinion filed April 17, 1940—Rehearing denied June 12, 1940.*

LEON A. COLP, and DAVID A. WARFORD, for appellant.

E. E. DENISON, R. T. COOK, and R. W. HARRIS, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is an appeal on certificate of importance issued by the Appellate Court for the Fourth District. In that court the matter came up on appeal from the circuit court of Williamson county wherein Emma E. Harris recovered a judgment against the appellant in the sum of $1489.40 upon a benefit certificate insuring the life of James Harris, her son. A full statement of the pleadings will be found in the

Appellate Court report (302 Ill. App. 310) and since there is no issue on them we will not repeat them here.

The facts found by a jury and approved by the Appellate Court are as follows: The insured, James Harris, was nineteen years of age when he joined the local camp of defendant association at Marion, Illinois. He lived with his father, W. T. Harris, who paid all of the dues and assessments in the defendant association for his son from the time of the issuance of the certificate on May 14, 1930, until his death. The deceased was apparently a strong and robust man prior to his last illness, but on October 18, while in Indianapolis, he caught a cold. Late on the night of October 20, the doctor, who had first diagnosed his condition as that of a cold, found that he had pneumonia. He was sent to a hospital the next day, and remained in the hospital until October 23, when he died.

The insured's father, on two or three occasions, had not paid the dues until thirty or more days after they were due and the payments had always been accepted. He did not pay the September, 1930, dues to the financial secretary of the defendant association until about 8 :00 or 9 :00 o'clock on the morning of October 20, and at that time had no knowledge that his son was ill. It was the custom of the defendant association to allow members to pay dues and assessments at any time after due date, up until two or three months thereafter, and in accordance with that custom such payments were accepted by the local camp. Such members were not considered as suspended from membership, nor were their benefit certificates forfeited, and during such periods of default they were treated in all respects as members in good standing, with all the privileges of the association.

The payment made by the father of the deceased was accepted by the financial secretary, and the money was sent to the Sovereign Grand Lodge of the defendant association. No attempt was made to return such payment until

after proofs of death, furnished by the plaintiff, were submitted. The association thereupon transmitted a check in an attempt to refund the amount of the last assessment paid by the father of insured, but it was never accepted.

James Harris was buried by the local lodge of the defendant in accordance with the usual rituals and ceremonies of the burial of a member in good standing. A letter was also introduced dated October 23, 1930, the date of the death of the deceased, and was addressed to the deceased insured as "Esteemed Sovereign." It was apparently written before the secretary at the Sovereign Camp at Omaha, Nebraska, had received the last assessment paid on behalf of the insured, and the letter appealed to the insured to pay his dues for the month of September. On November 4, 1930, after the burial of the deceased, the local camp of the defendant association which had conducted the funeral ceremony and rituals, passed a resolution for their records, and for the family of the deceased, which, with becoming dignity, expressed regret at the death of the deceased, who was referred to in such resolution as "Our Esteemed Sovereign," and recites that he was a "loyal and enthusiastic Woodman and served faithfully as a member," etc.

It will be noted that we have stated the facts substantially as they were stated in the opinion of the Appellate Court. Inasmuch as these facts were found by a jury and that finding approved by the Appellate Court, and, furthermore, are supported by competent evidence, they present no question of law for our consideration. We are bound by them, and being so bound can find no serious or substantial question of law in the case which has not heretofore been decided. We approve of the judgment of the Appellate Court on the only question which we have power to review. In *Dromgold* v. *Royal Neighbors of America*, 261 Ill. 60, we held that a subordinate lodge or council is the agent of the supreme lodge, notwithstanding the declaration of any by-law to the contrary; that where a member

is required to pay dues to the local lodge, the local lodge, in that matter, is the agent of the supreme lodge, and is the authority with whom members must deal, and upon whose actions, within the scope of its authority, the members may rely; that if a benefit society permits a subordinate lodge and its officers to act in such a manner in receiving dues that the member is justified in believing that the reasons for forfeiture specified in the by-laws have been waived, the society cannot set up such a forfeiture nor rely thereon as a defense to a suit on the benefit certificate. This case is so close to that one on the facts that we might quote much of the opinion here, but deem it unnecessary.

We find no error in the judgment of the Appellate Court, and it is affirmed.

*Judgment affirmed.*