(No. 26923.—

V. R. JENISEK, Appellee, vs. RUSSELL RIGGS, Appellant.

*Opinion filed November 18, 1942.*

LEAHY, WALTHER & HECKER, and WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

WHITNEL, BROWNING, LISTEMAN & WALKER, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, V. R. Jenisek, brought an action in the circuit court of Madison county against the defendant, Russell Riggs, to recover damages for personal injuries and property damage sustained August 29, 1940, about 5:00 o'clock in the morning, in a collision on State route 159, approximately two miles south of the village of Roxana, when the automobile driven by plaintiff struck the rear end of defendant's automobile truck. The trial resulted in a verdict of $5000 in plaintiff's favor. A motion by defendant for a new trial was allowed. By his amended complaint, plaintiff charged defendant with (1) a violation of section 88 of the Motor Vehicle Act of 1935, in stopping and parking a truck used for carrying freight at or near the center of the highway; (2) a violation of the same statutory provision in parking and stopping the truck, leaving less than 20 feet of unobstructed highway opposite the standing vehicle; (3) a violation of section 121 in failing to place lights, flares or other signals about the truck to warn of its presence; (4) a violation of section 51(a) (Ill. Rev. Stat. 1941, chap. 95½, par. 148(a)) which ordains: "No person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law," and (5) general negligence. The amended complaint differs from the original complaint only in the additional charge of a violation of section 51(a). Defendant's answer denied generally the essential allegations of plaintiff's pleading. At the conclusion of plaintiff's evidence, and again at the close of all the evidence, defendant made motions to instruct the jury to find him not guilty. He did not, however, at any time during the progress of the trial seek

to restrict the consideration of the jury to any one or more of the five charges of the amended complaint. The jury returned a general verdict finding defendant guilty and awarding plaintiff damages in the amount of $5000. March 27, 1942, the defendant made a motion for judgment *non obstante veredicto* and, in the alternative, a motion for new trial. Eighteen grounds are specified in support of the written motion for a new trial. May 8, the motions were argued and taken under advisement. Thereafter, on May 19, de-, fendant filed a motion seeking leave to amend his motion for a new trial by adding a nineteenth paragraph assailing the constitutionality of section 51(a) of the Motor Vehicle Act on the ground it transcends section 1 of article XIV of the Federal constitution and section 2 of article II of our constitution in six enumerated particulars. Defendant's motions for judgment *non obstante veredicto* and for a new trial were denied. In denying his motion to amend the motion for a new trial, the trial court specifically pointed out that the proposed amendment attempted to present a question as to the validity of the statute not raised in the pleadings, not argued, not set forth in any instructions, nor in the motion for a new trial and, indeed, not asserted at any time during the trial. Additional reasons assigned were that defendant had waived the validity of section 51(a) and that his motion did not affect all counts of the amended complaint. Judgment was rendered on the verdict. Asserting that a constitutional question is raised and involved on the record, defendant prosecutes a direct appeal.

Defendant contends that he was entitled to amend his motion for new trial in order to raise the constitutional validity of section 51(a) of the Motor Vehicle Act, and that, consequently, we have jurisdiction of this appeal. Before this court assumes jurisdiction of an appeal on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitu-

tional question was urged in the trial court, the ruling on it must be preserved in the record for review, and error must be assigned upon it here. (*Hillmer* v. *Chicago Bank of Commerce*, 378 Ill. 449; *Grutzius* v. *Armour & Co.* 377 id. 447.) The validity of a statute is involved, so as to confer jurisdiction by direct appeal only where its constitutionality was the primary inquiry in the trial court, and even though a constitutional issue was raised in the trial court, if a final order was rendered on other issues no constitutional question is presented for review. (*Grutzius* v. *Armour & Co. supra; Ryan* v. *City of Chicago*, 363 Ill. 607; *Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co.* 246 id. 620.) Specifically, where the issues can fairly be determined without recourse to the assailed statute, the validity of the statute is not involved so as to give this court jurisdiction. (*Shilvock* v. *Retirement Board*, 375 Ill. 68.) Again, the right to question the validity of a statute may be waived either by act or omission. (*People* v. *Gibbs*, 349 Ill. 83; *Chicago-Sandoval Coal Co.* v. *Industrial Com.* 301 id. 389.) Defendant did not elect to challenge the validity of section 51(a) of the Motor Vehicle Act in his answer to plaintiff's amended complaint, did not urge a constitutional question during the course of the trial, and did not assign the asserted invalidity of the statute as one of the numerous grounds supporting his motion for new trial. Instead of presenting and preserving the question of the validity of the statute at the earliest opportunity, defendant did not attempt to attack its constitutionality until after an adverse verdict had been rendered against him and a ruling on his motion for a new trial was imminent. The first time, and apparently as an afterthought, in an effort to prosecute an appeal directly to this court, defendant sought to amend his motion for a new trial by adding a nineteenth reason, attacking the constitutionality of the statute. From the record it affirm-

atively appears that the constitutional validity of the statute involved in this cause was not presented for decision and was not passed upon by the trial court, and, further, was waived by defendant.

Defendant places reliance, however, upon *Christy* v. *Elliott,* 216 Ill. 31. There, two instructions given in behalf of the plaintiff, and excepted to by the defendant, were based upon and stated the provisions of section 2 of the Automobile act of 1903. After a verdict had been returned in favor of plaintiff, the defendant made a written motion for a new trial, assigning as supporting reasons, among others, the invalidity of section 2 of the applicable statute. Under these circumstances, this court held that the exceptions taken to the ruling of the court in giving the challenged instructions raised the constitutionality of the statute and that since the ruling was assigned as ground for allowing the motion for new trial, the validity of the statute was involved upon the record. *Christy* v. *Elliott, supra,* cannot avail defendant in the present case for the adequate reason that no instructions were given to the jury directly predicating defendant's liability upon section 51 (a) of the Motor Vehicle Act. Here, the amended complaint alleges five separate charges of negligence and a general verdict was rendered in plaintiff's favor. Since only one good count or charge is sufficient to support the judgment rendered on the verdict, it follows that a decision on the validity of the statute was neither essential nor material to the correctness of the judgment.

Neither the validity of a statute nor the construction of the constitution being involved, the cause is transferred to the Appellate Court for the Fourth District.

*Cause transferred.*