(No. 32630.—

CONTINENTAL PAPER GRADING COMPANY, Appellee, *vs.* HOWARD T. FISHER & ASSOCIATES, INC., Appellant.

*Opinion filed September 24, 1953—Rehearing denied Nov. 16, 1953.*

THOMAS H. FISHER, and NORMAN CRAWFORD, both of Chicago, for appellant.

HARRY H. RUSKIN, and JOSEPH ROSENBAUM, both of Chicago, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This is a direct appeal, on the theory that a constitutional question is involved, from a final judgment of the circuit court of Cook County, wherein the Illinois Architectural Act (Ill. Rev. Stat. 1951, chap. 10½,) was found and adjudicated constitutional and a certain contract between the appellant and appellee declared void and of no force and effect, as in violation of paragraph 3 of said act, and therefore unenforceable as to either party, and that neither party was liable to the other for damages.

Continental Paper Grading Company, a corporation, hereinafter referred to as Continental, filed its complaint against Howard T. Fisher & Associates, Inc., a corporation, hereinafter called Fisher, and one Edwin L. Mittelbusher, for a declaratory judgment fixing the rights of the parties under a written contract entered into by Continental

and Fisher on April 9, 1948, the determination of such rights under said contract involving the construction and application of the Illinois Architectural Act to the facts involved. Fisher answered and filed counterclaim for damages against Continental and Mittelbusher, as counter-defendants. They in turn filed answers to the counter-claim, and Mittelbusher filed counterclaim against Fisher. By subsequent amendment to answer prior to trial of the case, Fisher alleged that the Illinois Architectural Act, and each and every part thereof, was unconstitutional as in vio-lation of section 2 of article II, section 22 of article IV, and other provisions of the constitution of the State of Illinois, and in violation of the fourteenth amendment to the United States constitution. No motion questioning the sufficiency of such allegation was filed by Continental or Mittelbusher, but they filed replies denying the allegations of unconstitutionality contained in such amended answer. We shall not concern ourselves further with the proceed-ings as they relate to Mittelbusher, for he is not a party to this appeal.

The trial of the issues between the two corporations was held before the court and lasted some six weeks, the hearings being concluded on March 24, 1952. On that date, at the request of the court, counsel for all parties submitted to the court written statements of their respective positions and relief to which they were entitled, and at the same time made oral statements to the court clarifying such state-ments and answering interrogatories propounded by the court. The written statement submitted by Fisher contained nothing whatsoever in reference to the claimed unconstitu-tionality of the Illinois Architectural Act, and the court thereafter inquired of Fisher as follows: "Does the Fisher Company contend that the Architectural Act, or any part thereof, is unconstitutional?" At that time Fisher re-sponded to said question as follows: "No, we say that as a result of the evidence, now we think it is constitutional

and should be construed in a manner in which it appears to be; and therefore, we make no suggested ruling on it, although, of course, it could have been added."

Thereafter, on April 2, 1952, the trial court rendered a written decision in the cause and ordered the same adopted as a brief statement of the reasons for the court's decision, to be included in any report of proceedings pursuant to Rule 36 (1)(c) of the Rules of the Supreme Court. In its decision, the court analyzed the evidence, made its findings of fact therefrom, and held that the entire agreement in issue was a violation of the statute and void, and that none of the parties thereto had any rights thereunder against the other. Said decision contained the following statement as to the constitutional issue involved: "While the Fisher Company, in an amendment to its answer, contended that the Illinois Architectural Act is unconstitutional, that contention was withdrawn at the close of the trial." Thereafter on April 21, 1952, pursuant to notice duly given on April 9, 1952, Fisher presented a motion to the court to order, adjudge and decree the Illinois Architectural Act unconstitutional and void as in violation of sections 2 and 14 of article II, section 22 of article IV, and other provisions of the constitution of the State of Illinois, and the fourteenth amendment to the constitution of the United States; and in support thereof, called to the court's attention the pleadings upon such matter in issue and alleging that Fisher had not, at any time, waived or withdrawn the said issue so raised, and that Fisher, in proposing the affirmative relief which it desired, had not withdrawn or waived its rights to the relief it claimed in its pleadings in the event of an adverse judgment. In passing on this motion on April 21, 1952, after reading said motion, the court said, "The court considers that contention, and feels that the General Assembly, in the exercise of its police powers, has not exceeded its power under the State and Federal Constitutions, and therefore holds that the act and all parts

thereof are therefore constitutional, and any order entered should incorporate that in some way." In further proceedings before the court on April 22, 1952, as to the actual form of judgment order to be entered, the court ordered that, in addition to a finding of constitutionality in the judgment order, said judgment order be made to read, "Order, adjudge, and decree that the Architectural Act, as amended, is not unconstitutional * * *" and after such modification of the judgment order had been accomplished in accordance therewith, the court further said "If there is an appeal, you are going directly to the Supreme Court." Thereafter, on April 22, 1952, the court entered the declaratory judgment from which this appeal is taken.

On July 17, 1952, notice of appeal from said judgment, together with proof of service thereof, was filed by Fisher, together with *praecipe* for record in which only the pleadings, court's decision, the judgment, notice of appeal, proof of service, and *praecipe* were directed to be incorporated in the transcript. Thereafter, on July 22, 1952, Continental filed its *praecipe* for additional record which, among other things, specified the report of proceedings had on March 24, 1952. On August 11, 1952, after notice, Continental presented to the trial court for certification and filing a proposed report of proceedings had on March 24, 1952. At that time, on motion of Fisher, Continental's motion for certification and filing was continued to September 8 and the time for filing said report of such proceedings was ordered extended to September 26, 1952. Thereafter, on various motions, the matter was continued until September 15, 1952, on which date the court certified and ordered filed said report of such proceedings had on March 24, 1952. At the same time, the court certified and ordered filed a report of proceedings had on April 21 and April 22, 1952, and Fisher filed on said date its supplemental *praecipe* for record, which listed for incorporation in the transcript all notices and motions subsequent to the filing of the

court's written decision and the report of proceedings had in said cause on April 21 and April 22, 1952, prior to entry of the judgment order. The transcript was certified by the circuit clerk on September 15, 1952, and filed in this court on September 25, 1952.

Prior to the time abstracts and briefs were filed in this court, Continental filed a motion praying that the appeal be dismissed for failure to transmit the record within the time provided by Rule 36 of this court, for the entry of an order striking from the record the notice and motion of Fisher to adjudge the Illinois Architectural Act unconstitutional, which was filed April 21, 1952, and the report of proceedings had on April 21 and April 22, 1952, said motion in the alternative further moving the dismissal of said appeal for want of jurisdiction, by reason of the failure of the record to present and preserve a constitutional question. Fisher filed an answer to such motion and the said motion was taken with the case, and it therefore commands our first consideration.

As to the Continental motion to dismiss the appeal for failure to transmit the record within the time provided by Rule 36 of this court, paragraph (2)(a) of said rule requires the record on appeal to be transmitted to the reviewing court not more than sixty days after notice of appeal has been filed, whether the *praecipes* do or do not specify proceedings at the trial. Said rule further provides that in the event an order extending the time allowed for filing report of proceedings at the trial is made, the time within which the record on appeal shall be transmitted is correspondingly extended without the necessity of any further orders. Paragraph 1(c) of Rule 36 requires the report of proceedings to be certified and filed in the trial court within fifty days after the appeal has been perfected, except that on good cause shown prior to the expiration of said time the trial court may extend the time allowed for filing report of proceedings, not to exceed in the aggre-

gate forty-five days from the last day fixed by said rule for such filing. On August 11, 1952, which was within fifty days after the appeal had been perfected, the trial court entered an order extending the time allowed for filing report of proceedings to September 26, 1952, which date does not exceed forty-five days from the last day required by said rule for filing the report. Therefore, as to the first part of Continental's motion, we conclude that the record on appeal was transmitted to this court within the time provided by Rule 36.

As to Continental's motion to strike from the record the notice filed April 9, 1952, the motion filed April 21, 1952, and the report of proceedings had on April 21 and April 22, 1952, all of the said matters were specified in paragraph 5 of appellant's supplemental *praecipe* for record filed in the trial court September 15, 1952. Rule 36 contains no provision restricting time for filing supplemental *praecipe* for record by either appellant or appellee. All of said matters were proceedings taking place in the trial court before entry of the final judgment appealed from, and the trial court entered its order that said matters be included in the record on appeal pursuant to Fisher's motion on September 15, 1952. Section 92 of the Civil Practice Act (Ill. Rev. Stat. 1951, chap. 110, par. 216,) provides in paragraph 1(c) thereof that the reviewing court may, at its discretion and on such terms as it deems just, order or permit the record to be amended by correcting errors or adding matters which should have been included.

Rule 36 of this court should be considered in connection with the provisions of section 92 and given effect in accordance with discretionary powers vested by that section. By the same logic and reasoning, a trial court, on motion made within the time limits for preparing and filing a report of proceedings and the transcript of record, can properly permit and allow a supplemental *praecipe* for record to be filed and additional report of proceedings or further mat-

ters of record to be incorporated in the transcript in order to allow the transcript of record to truly state what actually occurred in the lower court. The only ground for denying the right to incorporate in the transcript additional parts of the record or additional report of proceedings on a supplemental *praecipe* for record would be a showing of actual prejudice to the opposing party. (*Harris* v. *Sovereign Camp W.O.W.* 302 Ill. App. 310, affirmed 374 Ill. 47; *Landquist* v. *Grossman,* 282 Ill. App. 181.) No such showing has been made in the instant case. The matters sought to be stricken by Continental's motion are properly part of the record on appeal, are properly included as a ·part of the certified transcript, · and Continental's motion in respect thereto is denied.

Insofar as the question of the jurisdiction of this court to entertain a direct appeal in this case is concerned, Continental argues, first, that the objection of the validity of the statute was not specific and complete, and secondly, that there was a waiver of such objection. In determining such question, this court has available only the pleadings and judgment of the trial court, together with report of proceedings had on March 24, April 21, and April 22, 1952, and the trial court's written decision, no bill of exceptions having been filed covering any other matters before the trial court.

The record before us shows that a constitutional question as to the validity of the Illinois Architectural Act was put in issue in this case by Fisher's amendment to its answer and Continental's reply thereto. However, the record further affirmatively shows that upon a direct, unequivocal inquiry by the trial court prior to submission of the matter to the court for its consideration, Fisher unequivocally withdrew its contention of unconstitutionality and affirmatively stated in open court, from the evidence, they considered the act constitutional. It is clearly established by the decisions of this and other courts that the right to

question the validity of a statute may be waived, either by act or omission, by participating in litigation which by fair inference acknowledges the validity of the statute, or by any course of conduct which shows an intention to waive any question as to the validity of the statute, or where it would be unjust to others to permit objection to afterward be made. (*Jenisek* v. *Riggs*, 381 Ill. 290; *People* v. *Gibbs*, 349 Ill. 83; *Chicago Sandoval Coal Co.* v. *Industrial Com.* 301 Ill. 389.) In civil proceedings, the acts of the parties to the litigation which by fair inference acknowledge the validity of a statute are binding, and will preclude such parties from attacking such statute as unconstitutional. (16 C.J.S. "Constitutional Law," sec. 90(c), page 196.) It is well established that before this court assumes jurisdiction of an appeal on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, the ruling on it must be preserved in the record for review, and error must be assigned upon it here. (*Hillmer* v. *Chicago Bank of Commerce*, 378 Ill. 449; *Janisek* v. *Riggs*, 381 Ill. 290; and *Grutzius* v. *Armour & Co.* 377 Ill. 447.) The validity of a statute is involved so as to confer jurisdiction by direct appeal only where its constitutionality was one of the primary inquiries in the trial court; and even though a constitutional issue was raised in the trial court, if a final order was rendered on other issues, no constitutional question is presented for review. *Mandrake* v. *Schlaeger*, 393 Ill. 610; *People ex rel. Rago* v. *Lipsky*, 390 Ill. 70; *Jenisek* v. *Riggs*, 381 Ill. 290; *Shilvock* v. *Retirement Board*, 375 Ill. 68; *Ryan* v. *City of Chicago*, 363 Ill. 607; *Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co.* 246 Ill. 620.

From the record as it comes to us, it appears that, although a constitutional issue may have been raised in the trial court by the pleadings, yet such constitutional question was not urged in the trial court as one of the primary

inquiries there, but, on the contrary, at the close of the evidence, the constitutionality of the statute was acknowledged, the trial court was advised in open court that the constitutional issue was withdrawn, and the trial court specifically stated that such issue was not considered in arriving at its decision. Such course of conduct clearly shows an intention at that time to waive the question of validity of the statute.

The record does disclose in this case that Fisher sought to reinstate the constitutional issue by its motion after announcement of the trial court's adverse decision, and by prevailing on the trial judge to include in his final order a finding and adjudication that the act is constitutional. As was true in the case of *Jenisek* v. *Riggs,* 381 Ill. 290, it is quite clear that Fisher's act came as an afterthought after being advised of the trial court's adverse holding, in an effort to prosecute an appeal directly to this court; and, more important, the court's consideration of the motion as reflected in the record makes it affirmatively appear that no fairly debatable question as to the constitutionality of the Architectural Act was urged or presented for decision or passed upon by the trial court. All the record does show is that the trial court expressed an opinion that it could see no objection to making a finding in its judgment order that the act was constitutional. As stated in *Orton Crane & Shovel Company* v. *Federal Reserve Bank,* 409 Ill. 285, under similar circumstances, "for aught that appears in the record, the trial judge may have been indulging in the accepted presumption of constitutionality."

The record does not disclose the existence of a fairly debatable question in regard to the construction of the constitution which was presented to and passed upon by the trial court as one of its primary inquiries, but, on the contrary, the record affirmatively discloses that any question in regard to the construction of the constitution was specifically waived by Fisher at the close of the evidence and

prior to submission to the court for decision. Although the construction and application of the Architectural Act may be involved in this litigation, such fact does not present a constitutional question, and this court will not take jurisdiction merely for the purpose of applying or construing the statute. *People ex rel. Templeton* v. *Board of Education,* 399 Ill. 204; *Pollack* v. *County of Du Page,* 371 Ill. 199; *White* v. *Youngblood,* 367 Ill. 632.

This court is without jurisdiction to consider the appeal and the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*