(No. 33217.—

Genevieve Layton, Appellant, *vs.* George H. Layton, Appellee.

*Opinion filed November 18, 1954.*

George Yellen, of Chicago, for appellant.

Denenberg & Notkin, of Chicago, for appellee.

Mr. Justice Daily delivered the opinion of the court:

Based upon the theory that a constitutional question is involved which confers jurisdiction upon this court, Genevieve Layton, the appellant, seeks direct review of a decree of the circuit court of Cook County awarding separate maintenance to her husband George H. Layton, the appellee.

The record discloses that appellant filed a complaint for separate maintenance and that appellee filed a counterclaim for the same relief. In neither pleading, nor in the answers thereto, was there presented any question as to a construction of the constitution or of the constitutional validity of a statute. The cause was referred to a commissioner who heard testimony and filed a report upon which the chancellor based the decree granting relief to appellee. The decree neither mentioned nor disposed of a constitutional issue. Thereafter, appellant filed a motion to vacate the decree alleging, among other things, that section 1 of the Separate Maintenance Act (Ill. Rev. Stat. 1953, chap. 68, par. 22,) is constitutionally deficient for lack of a proper title as required by section 13 of article IV of the Illinois constitution. The trial court denied the motion stating in its order that it "did necessarily consider the constitutionality and validity of Section 22, Chapter 68, of the Illinois Revised Statutes." The extent of the constitutional inquiry or the basis for the decision is not shown.

Such a record is utterly incapable of supporting a direct appeal to this court. This court has held many times that the validity of a statute is involved, so as to confer jurisdiction by direct appeal, only where its constitutionality was a primary inquiry in the trial court, and even though a constitutional issue was raised in a trial court but a final order was rendered on other issues, no constitutional question is presented for review on appeal to this court. (*Jenisek* v. *Riggs,* 381 Ill. 290, 293; *Grutzius* v. *Armour & Co.* 377 Ill. 447, 451.) Further, it is established by our decisions that the right to question the validity of a statute may be waived, either by act or omission, by participating in litigation, which by fair inference acknowledges the validity of the statute, or by any course of conduct which shows an intention to waive any question as to the validity of the statute, or where it would be unjust to others to permit objection to afterward be made. *Continental Paper Grading Co.* v. *Fisher,* 1 Ill. 2d 37; *People* v. *Gibbs,* 349 Ill. 83.

In the present case appellant herself brought an action for separate maintenance based on the very statute which she claims, but not until after the decree had gone against her, to be constitutionally deficient. The reasonable inference from her complaint is that she acknowledged the validity of the statute and waived her right to question it. Aside from this, the record clearly shows that the issue of validity of the statute was injected into the trial as an afterthought only in an effort to prosecute an appeal directly to this court. Such ill-timed contentions have, under similar circumstances, been held to be insufficient to confer jurisdiction upon this court. (*Continental Paper Grading Co.* v. *Fisher,* 1 Ill. 2d 37; *Jenisek* v. *Riggs,* 381 Ill. 290.) Nor does the language of the trial court make it affirmatively appear that it considered or passed upon the specific constitutional objections raised. As was pointed out in *Orton Crane & Shovel Co.* v. *Federal Reserve Bank,* 409 Ill. 285, where similar language was used, the chancellor's statement that

244

he "did necessarily consider the constitutionality and validity" of the statute, may have been a mere indulgence in the accepted presumption of constitutionality.

We have, thus, a record which gives rise to a reasonable inference that appellant waived the right to question the validity of the statute, which shows that a constitutional issue was not raised or presented to the trial court as one of its primary inquiries, and which is devoid of any showing that the trial court affirmatively passed upon the belated constitutional question. Since neither the validity of a statute nor the construction of the constitution is involved, this court is without jurisdiction to consider the appeal and the cause is transferred to the Appellate Court for the First District. *Cause transferred.*