(No. 33407.—

COMMUNITY UNIT SCHOOL DISTRICT No. 6 *et al.*, Appellants, *vs.* COUNTY BOARD OF SCHOOL TRUSTEES OF SANGAMON COUNTY *et al.*, Appellees.

*Opinion filed September 23, 1955.*

Sorling, Catron & Hardin, of Springfield, and Monroe and McGaughey, of Decatur, for appellants.

George P. Coutrakon, State's Attorney, of Springfield, and R. W. Deffenbaugh, of Springfield, for certain appellees; Thomas W. Hoopes, of Springfield, for appellee County Board of School Trustees of Sangamon County.

Mr. Justice Maxwell delivered the opinion of the court:

This is an appeal from an order of the circuit court of Sangamon County entered in an administrative review proceeding, affirming a decision of the County Board of School Trustees of said county, granting a petition to detach certain territory from one school district and annexing such territory to another school district, pursuant to the provisions of section 4B of the School Code. Ill. Rev. Stat. 1953, chap. 122, par. 4B.

The appeal is directed to this court on two theories, first, that a franchise is involved, and, secondly, that section 4B-4 of the School Code is unconstitutional in that it does not provide adequate standards for the guidance of county boards in detaching and annexing territory from

one district to another and is therefore an unconstitutional delegation of legislative authority.

The second contention has, since the briefs in this case were filed, ceased to be a debatable constitutional question. This precise objection was squarely presented in *School District No. 79* v. *County Board of School Trustees,* 4 Ill. 2d 533, (opinion filed November 18, 1954,) and we there found that section 4B-4 does not constitute an invalid delegation of legislative power.

We have also determined that a franchise is not involved in detaching territory from one district and annexing it to another. It is alleged and admitted in the pleadings that both Community Unit School District No. 6 of Macon and Christian Counties, and Community Unit School District No. 12 of Sangamon and Macon Counties, the two districts involved in this proceeding, are legally organized school districts. Detaching a portion of the territory from one district and annexing it to the other does not affect the legal organization of either district. Both districts retain their corporate entity with full power and authority to exercise the privileges of their franchises upon the territory within their legal boundaries.

For this court to acquire jurisdiction under section 75 of the Civil Practice Act the validity or existence of the corporation or franchise or the right to exercise the privileges of a franchise must be in issue. Merely taking territory from one district and annexing it to another does not put in issue the legal existence or the exercise of franchise privileges by the districts. *People ex rel. Groff* v. *Board of Education,* 383 Ill. 166.

There being no debatable constitutional question or franchise issue involved, this court has no jurisdiction and this cause is ordered transferred to the Appellate Court for the Third District.