(Nos. 34191, 34192.—

B. H. MOORE *et al.*, Appellants, *vs.* THE COUNTY BOARD OF SCHOOL TRUSTEES OF LOGAN COUNTY *et al.*, Appellees.

*Opinion filed January 24, 1957.*

S. S. DuHamel, of Springfield, for appellants.

Harris & Harris, of Lincoln, for appellees.

Mr. Justice Daily delivered the opinion of the court:

We consider here two separate judgments of the circuit court of Logan County affirming administrative decisions of the Board of School Trustees for said county in detachment and annexation proceedings conducted under authority of article 4B of the School Code. (Ill. Rev. Stat. 1953, chap. 122, art. 4B.) The school districts losing territory have appealed, and, inasmuch as common questions are presented in each case, the appeals have been consolidated for review.

Numerous constitutional objections were raised below to article 4B but appellants, by the scope of their argument, tacitly concede that all such objections except one were resolved against them in *School District No. 79* v. *County Board of School Trustees of Lake County*, 4 Ill.2d 533. Accordingly their appeals have been directed to this court on the theory that the article is constitutionally deficient in that it comprises class legislation in violation of section 22 of article IV of the Illinois constitution. More specifically it is argued that the article effects unreasonable and arbitrary classifications between resident land owners and nonresident land owners. The trial court made no finding on such claim other than to state generally that all con-

stitutional questions raised by appellants had been determined adversely to them by the decisions of this court.

A reading of the statute in question reveals that appellants' argument misapprehends the classifications made therein. All property owners, resident or nonresident, are treated alike while the only classifications made pertain to "the legal voters residing in each district affected" (4B—1) and "any resident in any district affected by the proposed change of boundaries" (4B—4). By innumerable decisions this court has held that classification is a legislative function and that there cannot be a constitutional objection to the classification of persons or objects for the purpose of legislative regulation, so long as it is not arbitrary and is founded upon some substantial difference properly related to the classification. (*People* v. *Deatherage,* 401 Ill. 25; *Hansen* v. *Raleigh,* 391 Ill. 536; *Stearns* v. *City of Chicago,* 368 Ill. 112; *People ex rel. Russell* v. *Graham,* 301 Ill. 446; *Stewart* v. *Brady,* 300 Ill. 425.) In the *Deatherage case* and in *People ex rel. Taylor* v. *Camargo Community Consolidated School Dist.* 313 Ill. 321, it has been explicitly recognized that, in school legislation, a classification of residents or legal voters is reasonable and proper inasmuch as their convenience and needs make them the most important group to be served by such legislation. Apart from such expressions by the court, in a long line of cases treating upon the constitutionality of various provisions of our school laws, the reasonableness of the classification whereby the initiative for detachments was vested in the legal voters and residents of the affected area has never been questioned. (*Kenyon* v. *Moore,* 287 Ill. 233; *Jackson* v. *Blair,* 298 Ill. 605; *North* v. *Board of Education,* 313 Ill. 422; *People ex rel. Bensonville Community High School District* v. *Rathje,* 333 Ill. 304; *Milstead* v. *Boone,* 301 Ill. 213; *School District No. 79* v. *County Board of School Trustees of Lake County,* 4 Ill.2d 533; *Community Unit School District No. 6* v. *County Board of School Trustees,*

6 Ill.2d 320.) A legislative classification long unchallenged suggests the reasonableness of the classification and the approval of the people of the State. (*Krebs* v. *Board of Trustees of Teachers' Retirement System,* 410 Ill. 435.) Noteworthy too, is the fact that the framers of our constitution found it reasonable and proper to fix residence as a standard for eligibility to the right to vote. Constitution of 1870, art. VII, sec. 1. See *Clark* v. *Quick,* 377 Ill. 424; 17 I.L.P., Elections, sec. 25.

Unless the constitutional questions presented are debatable, this court does not assume jurisdiction of an appeal on the ground that a constitutional question is involved. (*Richter* v. *City of Mt. Carroll,* 398 Ill. 473; *White* v. *Youngblood,* 367 Ill. 632.) Inasmuch as the residence and legal voter classifications have long been considered reasonable and proper, particularly in detachment proceedings under school laws, the question may be regarded as settled. Appellants' contention, therefore, is not properly founded upon a debatable constitutional question and this court will not entertain an appeal for the purpose of passing on a question which is settled. The appeals should have been prosecuted to the Appellate Court for consideration of objections presented other than those of a constitutional nature. *Community Unit School Dist. No. 6* v. *County Board of School Trustees,* 6 Ill.2d 320; *Trico Community School Dist.* v. *County Board of School Trustees,* 6 Ill.2d. 323.

The causes are, therefore, transferred to the Appellate Court for the Third District.

*Causes transferred.*