(No. 34512.—

THE PEOPLE ex rel. John L. Poole, State's Attorney, Appellee, vs. GWENDOLYN TUCKER, Appellant.

*Opinion filed January 24, 1958—Rehearing denied March 19, 1958.*

John R. Snively, of Rockford, for appellant.

John L. Poole, State's Attorney, of Fulton, L. E. Ellison, of Sterling, and Robert Potter, of Morrison, for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

On relation of the State's Attorney a complaint was filed in the circuit court of Whiteside County alleging that a certain dwelling house owned by the defendant, Gwendolyn Tucker, is used for prostitution and constitutes a public nuisance under the provisions of the act of 1915 providing for suppression thereof. (Ill. Rev. Stat. 1955, chap. 100½.) Defendant filed an answer denying the allegations of the complaint. After hearing the evidence the court entered a decree as prayed in the complaint, enjoining the defendant from maintaining a house of prostitution anywhere within the jurisdiction of the court, enjoining all persons from using the described house for any purpose for a period of one year, and directing a sale of all the fixtures and movable property in the house. The court thereafter denied a motion to vacate the decree; and defendant appeals directly to this court, apparently in the belief that a constitutional question is involved.

Examination of the record shows no basis for a direct appeal. The answer merely disputed the facts alleged in the complaint, and presented no question of the statute's validity. The decree is likewise silent as to any constitutional issue, none having been presented at the trial. It was not until the motion was made to vacate the decree that any attempt was made to raise such a question. The motion lists 38 grounds, only one of which purports to question the validity of the statute. That ground merely alleges, in a general way, that the statute upon which the proceeding is based "is unconstitutional and void." No

attempt was made to specify in what respect the statute is unconstitutional, nor does the order denying the motion express any determination of such a question.

The rule is well established that to confer jurisdiction by direct appeal, a constitutional question must have been presented to the trial court. The general charge of unconstitutionality, made by defendant in her motion to vacate, does not constitute the presentation of a constitutional question. In *Hillmer* v. *Chicago Bank of Commerce*, 378 Ill. 449, we pointed out that "Where a statute is charged to be unconstitutional, the objection must be specific and complete in order to fully present the matter to the trial court. A mere assertion appearing of record that an act is unconstitutional is not sufficient to clothe this court with jurisdiction upon a direct appeal."

Moreover, the right to question the validity of a statute may be waived by a participation in litigation which by fair inference acknowledges the statute to be valid. (*Layton* v. *Layton*, 4 Ill.2d 241.) In the present case the defendant's answer denied that the house is used for the purpose of prostitution, "and further states that it does not constitute a public nuisance under the provisions of Chapter 100½ Illinois Revised Statutes (1955)." She thus participated in forming a factual issue under the provisions of the statute, and it was not until a decree was rendered resolving this issue against her that she sought to question its validity. The reasonable inference from her answer is that she acknowledged the validity of the statute and waived her right to question it.

Since there is no constitutional question involved in this case we are without jurisdiction to consider it on direct appeal. The cause will therefore be transferred to the Appellate Court for the Second District.

*Cause transferred.*