W. James Taylor et al., Appellants, vs. Russel P. Krupp et al., Appellees.

*Opinion filed May 21, 1958.*

Lindauer, Lindauer, Pessin & Nieman, of Belleville, for appellants.

Dan McGlynn, of East St. Louis, and Otis E. Guymon, of Belleville, for appellees.

Mr. Justice Daily delivered the opinion of the court:

This appeal stems from a proceeding in the county court of St. Clair County for the annexation of certain unincorporated territory to the village of Swansea. The petition

for annexation was initiated by electors residing in and persons owning property in the unincorporated territory as provided in section 7—2 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1955, chap. 24, par. 7—2.) On May 22, 1955, after hearing various objections, the court determined the validity of the petition and submitted the question of annexation to the corporate authorities of the annexing municipality for final action. (See: Ill. Rev. Stat. 1955, chap. 24, par. 7—4.) Thereafter, on June 3, 1955, the corporate authorities approved and passed an ordinance annexing the territory to the village. On the same day, W. James Taylor and his wife, who had been objectors and who are the appellants in this court, filed a motion to vacate the order of May 22, 1955, alleging noncompliance with the annexation statute in various respects. Such motion was denied on July 19, 1955, and it is from the latter order that this appeal has been perfected.

Appellants have directed their appeal to this court on the theory that a franchise is involved. We have held that the mere detachment or annexation of territory does not put in issue the legal existence or the exercise of franchise privileges, (*Community Unit School Dist.* v. *County Board of School Trustees,* 6 Ill.2d 320; *People ex rel. Groff* v. *Board of Education,* 383 Ill. 166,) however, it is appellants' contention that there is involved the elective franchise, or right to vote, of the electors residing in the unincorporated territory. While it is true this court has held that the right to vote in an election constitutes a franchise sufficient to give us jurisdiction on direct appeal, (See: *Progressive Party* v. *Flynn,* 400 Ill. 102; *Sodo* v. *United States,* 406 Ill. 484,) we do not find that such a franchise is involved in the record now before us either procedurally, or as a matter of substance.

The record reveals that the issue of an elective franchise was not raised in the original proceeding for annexation, nor was such an issue determined in the order of

May 22, 1955, which found the annexation petition to be valid. Similarly, such an issue was neither raised nor determined under appellants' motion to vacate the order of May 22. It was, rather, injected into the record in a manner suggesting a design and afterthought to provide some basis for a direct appeal to this court, a practice condemned in *Layton* v. *Layton,* 4 Ill.2d 241, *Continental Paper Grading Co.* v. *Fisher & Associates, Inc.,* 1 Ill.2d 37, and *Jenisek* v. *Riggs,* 381 Ill. 290. On June 14, 1955, and again on August 20, 1955, Fred J. Schindler, Roland Siebert and their spouses, who had been objectors to the petition for annexation, filed pleadings in the county court titled "Petition" wherein they prayed the court to determine the validity of the final action taken by the annexing municipality, (*i.e.,* the adoption of an ordinance and referendum within the municipality,) and, in the event such final action was held valid, to cause the question of annexation to be submitted to the electors of the unincorporated territory at a special election. From the briefs filed in this court it appears that such petitions were based on a construction that section 7—6.1 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1955, chap. 24, par. 7—6.1,) requires the question of annexation to be submitted to a referendum in the unincorporated territory. Both petitions were denied by orders entered July 19, 1955, and September 4, 1955, the former order being entirely separate and apart from the order denying appellants' (the Taylors') motion to vacate. No appeal has been taken by the Schindlers or the Sieberts from either order denying their petitions for a referendum in the unincorporated territory. Thus the only issues on the appeal, (and they do not in any manner touch upon the question of an elective franchise,) are those determined in the order from which appeal has been taken, *viz.* the order of June 19, 1955, denying the Taylors' motion to vacate the order finding the annexation petition to be valid.

Upon review the question of jurisdiction must be determined by the issues affected by the judgment, decree or order from which the appeal is taken. This salutary rule is applicable where a direct appeal is sought on the ground that the constitutional validity of a statute or the construction of the constitution is involved, (*City of Watseka* v. *Wilson*, 11 Ill.2d 265, *Economy Dairy Co.* v. *Kerner*, 371 Ill. 261,) where it is charged that a freehold is involved, (*McCarthy* v. *McCarthy*, 6 Ill.2d 52, *Horner* v. *County of Winnebago*, 396 Ill. 382,) or where, as here, an appeal is prosecuted to this court on the theory that a franchise is involved. (*Marnik* v. *Northwestern Packing Co.* 400 Ill. 66; *Chicago Steel Works* v. *Illinois Steel Co.* 153 Ill. 9.) Here neither the questions determined by the order denying appellants' motion to vacate nor those affected by the order sought to be vacated, (the only orders from which appeal has been taken,) are ones which, in any sense, involved an issue of an elective franchise. Such orders, therefore, are not reviewable in this court, for it appears that the only issues they raise are matters of evidence and a construction of the statute under which the annexation was accomplished. Mere construction of a statute, or its application to a certain state of facts, is not sufficient to confer jurisdiction upon this court to entertain a direct appeal. *Perrine* v. *Bisch & Son*, 409 Ill. 175; *First National Bank* v. *Village of South Pekin*, 371 Ill. 605; *Gross* v. *People ex rel. Cheffer*, 95 Ill. 366.

Moreover, even if it could be said that the scope of the appeal extends to the orders denying the post-trial petitions of the Schindlers and Sieberts, it is apparent that the issue of an elective franchise would not be involved. The sole question raised by such petitions was not the right of the relators to vote, but whether the legislature, by the terms of section 7—6.1 of the Revised Cities and Villages Act, requires, under the facts in this case, that the question of annexation be submitted to a referendum in the unin-

corporated territory. The issue then was a construction of the statute and, at best, an elective franchise was only collaterally involved.

This court does not have jurisdiction on direct appeal and the cause is therefore transferred to the Appellate Court for the Fourth District.

*Cause transferred.*