(No. 35389.—

UPTOWN NATIONAL BANK OF CHICAGO, Appellee, *vs.* VIRGINIA FARMER PURIS *et al.*—(STATE BANK OF ST. CHARLES, Appellant.)

*Opinion filed November 18, 1959.*

HEMPSTEAD, REDMAN & SHEARER, of St. Charles, (RICHARD D. SHEARER, of counsel,) for appellant.

EARNEST A. EKLUND, and JOHN N. THORNBURN, both of Chicago, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal from a judgment entered by the municipal court of Chicago in a garnishment proceeding which had its origin when appellant, the State Bank of St. Charles, financed, repossessed and sold an automobile which had already been financed by appellee, the Uptown National Bank of Chicago, whose interest was secured by a judgment note and chattel mortgage. Jurisdiction of this court upon direct appeal is apparently sought to be sustained on the ground that the validity of article II of chapter 3 of the Motor Vehicle Law is involved. Ill. Rev. Stat. 1957, chap. 95½, pars. 3—201 to 3—210.

While the parties have raised no question as to our jurisdiction, it is our duty to consider such a question when it appears, and to decline to take jurisdiction when it is apparent on the record that no constitutional or other jurisdictional question (see: Ill. Rev. Stat. 1957, chap. 110, par. 75(1)(a),) is necessarily involved in the case. (*Northwestern Institute of Chiropody* v. *Thompson,* 386 Ill. 615; *Hackner* v. *Van Wyck,* 381 Ill. 622.) The cited authorities, together with *Leffler* v. *Browning,* 14 Ill.2d 225, *Village of Lansing* v. *Hacker,* 7 Ill.2d 258, and many other decisions which could be cited, firmly establish that in order to give

this court jurisdiction upon direct appeal on the ground that the validity of a statute is involved it must affirmatively appear that the validity of the statute was urged upon the court, ruled upon, and the ruling preserved for review and error assigned thereon in this court.

The record in the present case, including the pleadings, report of proceedings and orders of the court, is totally devoid of any showing that the validity of the statute in question was either raised or ruled upon in the trial court. Indeed, its validity is not contested in this court; instead, each of the parties rely upon the security provisions of the Motor Vehicle Law and charge that violation by the other was what permitted the double financing to be accomplished. Under the circumstances, we would be justified in holding that any question of the validity of the statute has been waived. Cf. *People ex rel. Poole* v. *Tucker,* 13 Ill.2d 154, 156; *Layton* v. *Layton,* 4 Ill.2d 241, 243.

To justify a direct appeal, however, appellant has stated in its brief and in oral argument that a question of the validity of the statute arose when, upon the occasion of the denial of a motion to dismiss, the trial court rejected a contention to the effect that article II of chapter 3 of the Motor Vehicle Law provided the exclusive method of protecting security interests in automobiles, commenting as he did so that the latter law could not, without being unconstitutional as special legislation or as legislation effecting the amendment of other statutes by implication, amend, repeal or abridge the existing laws relating to chattel mortgages and garnishment. While it would appear that the court was indulging in casual comment, rather than making a studied ruling upon a matter of primary inquiry, it is enough to point out that grounds so presented and preserved, completely *de hors* the record, cannot serve as a basis for our jurisdiction upon direct appeal.

From the record it affirmatively appears that the constitutional validity of the statute involved in the cause was

not presented for decision and was not passed upon by the trial court. This being so, no basis for our jurisdiction has been shown and the cause is therefore transferred to the Appellate Court for the First District.

*Cause transferred.*