(No. 36113.—

MARY L. COCHENNET *et al.*, Appellants, *vs.* MARY ANN AMBROSE, also known as Mary Ann Deto, *et al.*, Appellees.

*Opinion filed March 29, 1961.*

John C. DeWolfe, and Thomas B. Mackie, both of Chicago, for appellants.

Harold L. Summerfield, and Frank J. Jacobson, both of Chicago, for appellees.

Mr. Justice Klingbiel delivered the opinion of the court:

This appeal is from an order of the superior court of Cook County dismissing plaintiffs' action for want of prosecution. Plaintiffs have attacked the constitutionality of that part of section 20 of the Fees and Salaries Act, (Ill. Rev. Stat. 1957, chap. 53, par. 38,) which provides: "Upon reference of any matter to the master in chancery the court may, in its discretion, at the time of such reference or at any subsequent time, order any party seeking to offer evidence before the master to deposit with the clerk of the court such sum or sums as may be fixed by the court to secure the payment of any part or all of the costs of such reference; * * *."

Plaintiffs, collateral heirs of Robert A. Deto, filed their complaint seeking to have his 1951 marriage annulled and for other relief. The cause was thereafter referred to a

master in chancery, and at his request the parties deposited with him equal amounts as security for court reporter's fees before the first hearing. Later he requested each side to deposit additional security and again the deposit was made. After 7½ days of trial, the master filed a petition asking the chancellor to direct the parties to deposit additional security for master's fees and costs. The chancellor entered an order directing each of the parties to deposit an additional $1250. The defendants made the deposit but the plaintiffs refused, saying they had lost confidence in securing a fair and adequate hearing before the master.

Plaintiffs thereafter filed a petition in which they referred to the proceedings had before the master to date, and alleged that defendants' counsel had embarked on a plan to make the proceedings too expensive and that the master was prejudiced against them. The petition asks that the master be directed to certify the evidence taken before him and that the chancellor hear the remainder of the evidence.

The chancellor directed the defendants to answer the petition and the master to file a report showing the number of folios of testimony that had been taken, the time expended by him in the cause, and an accounting of funds deposited with him. The defendants filed an answer, the plaintiffs filed a reply, both parties filed briefs and both parties argued before the chancellor, who denied the petition.

At a hearing on a petition of the master for instructions as to the manner of proceeding, plaintiffs' attorney stated that there was no reason, financial or otherwise, why they could not make the $1250 deposit but based their refusal on the belief that they were not getting a fair hearing before the master. The chancellor then entered an order finding that plaintiffs had not presented any legal or equitable grounds for their failure to make the deposit and entered an order directing the plaintiffs to deposit

$1250 as security for fees and costs with the clerk of the court. The order also set the cause for further hearing on a day certain before the master, ordered the master to refuse to hear any testimony if the deposit was not made, and directed the master to file a report.

The master thereafter reported that he convened the hearing at the time set in the decree, that plaintiffs' attorneys did not appear, that he called the office of plaintiffs' attorneys, that he could not reach them nor did their secretaries know of their whereabouts, that he then continued the hearing for 45 minutes, that plaintiffs' attorneys did not request a delay or postponement, that the deposit was not made, that no additional evidence was taken, and that the hearing was then closed. The report asks for further instructions. Thereafter the chancellor entered the order dismissing the cause for want of prosecution, and ruled that the order of dismissal was final and that there was no just reason for delaying the enforcement or appeal of the order.

The plaintiffs do not argue that the chancellor does not have the authority to dismiss their action for want of prosecution because they intentionally failed to proceed before the master at the time and in the manner he had ordered. Nor do they argue that the chancellor did not have the authority under the statute in question to direct the master to refuse to hear evidence until security for reference costs had been given to the clerk of the court; or that he abused his discretion in ordering the additional security to be paid; or that they are financially or otherwise unable to comply with the order. They argue rather that the provision of the statute requiring the deposit of security with the clerk violates five provisions of our constitution. They also state that they were not receiving a fair hearing before the master and infer that the chancellor should have heard the remainder of the cause, in which case no additional security would be necessary.

The obvious purpose of plaintiffs' procedure in the trial court was to have the cause removed from the master and heard by the court. The plaintiffs' petition alleged misconduct on the part of defendants' attorneys and prejudice of the master. These allegations were denied by defendants' answer. The trial court, after considering the petition, answer, reply, briefs of both parties, a report by the master and oral argument by counsel, denied the petition. The plaintiffs in this court have advanced these same arguments.

The record does not contain a transcript of the proceedings before the master. All that is before us are the allegations of the plaintiff and denials of defendant. Under these circumstances, we cannot say that the chancellor erred in ordering that the parties continue to present their evidence to the master.

The remainder of the plaintiffs' argument deals with the constitutionality of the part of section 20 of the Fees and Salaries Act which provides for the deposit of security for the costs of reference to a master in chancery. It is well established by decisions of this court that the right to question the validity of a statute may be waived, either by act or omission, by participating in litigation which by fair inference acknowledges the validity of the statute, or by any course of conduct which shows an intention to waive any question as to the validity of the statute. (*Layton* v. *Layton*, 4 Ill.2d 241; *Continental Paper Grading Co.* v. *Howard T. Fisher & Associates, Inc.* 1 Ill.2d 37; *Marshall Field & Co.* v. *Industrial Com.* 305 Ill. 134.) In civil proceedings, the acts of the parties to the litigation which by fair inference acknowledge the validity of a statute are binding, and will preclude such parties from attacking such statute as unconstitutional. *Continental Paper Grading Co.* v. *Howard T. Fisher & Associates, Inc.* 1 Ill.2d 37.

In the present case the plaintiffs did not object to the reference of their cause to the master and on two occasions they deposited security for costs of the reference. About

that time they became dissatisfied with the way their case was going before the master and refused to deposit additional security. When the chancellor ordered the additional security to be paid to the master, the plaintiff moved that the order be set aside because the statute provides that the security be paid to the clerk of the court. The chancellor then set aside that order and directed them to pay the $1250 to the clerk. They still refused to deposit additional security and then asserted the unconstitutionality of section 20.

The plaintiffs by their conduct waived their right to raise the constitutional objections they now urge. Since no other questions have been raised by this appeal, there is no reason for transferring this case to the Appellate Court. The appeal is therefore dismissed.

*Appeal dismissed.*