Board of Education, School District 33, Du Page County, Illinois and Duggan-Karasik Construction Co., an Illinois Corporation, Plaintiffs-Appellees, v. City of West Chicago, a Municipal Corporation, Defendant-Appellant.

Gen. No. 64-33.

Second District.

March 2, 1965.

Harold J. Spelman, of West Chicago, for appellant.

Edward S. Farrell, of West Chicago, and Sidney Z. Karasik, of Chicago, for appellees.

MORAN, J.

The Plaintiffs, Board of Education, School District 33, Du Page County, Illinois, hereinafter referred to as Board, and Duggan-Karasik Construction Co., an Illinois Corporation, hereinafter referred to as Contractor, filed a complaint for declaratory judgment and other relief against the defendant, City of West Chicago, a municipal corporation, hereinafter referred to as City.

The trial court found the Board to be exempt from the building code of the City and enjoined the City from charging or extracting from the Board, Contractor or any subcontractor a permit fee for the erection of a school building within the boundaries of the City. From this order the City appeals.

The Contractor applied for and received a building permit on behalf of the Board. When the City requested the fee in the sum of $414.90, the Board refused to pay the same. In order to avert unnecessary delay in the construction of the school building, the Board and City entered into an agreement whereby the fee was placed in an escrow account pending the

outcome of the present controversy. The Board had complied with the provisions set forth by the Legislature and has received the necessary approval, in accordance with the statutes hereinafter cited, from the School Building Commission and other appropriate authorities.

The principal question presented to this court is whether or not a school district in the process of erecting a school building within a municipality is bound by the building ordinance of such municipality.

We know that the Legislature has delegated to the corporate authorities of each municipality the right to prescribe the strength and manner of constructing all buildings, structures and their accessories and of the construction of fire escapes thereon. Ill Rev Stats ch 24, sec 11–30–4 (1963). However, the Legislature also created a School Building Commission for the purpose of providing school sites, buildings and equipment to meet the needs of school districts unable to provide such facilities because of the lack of funds and constitutional bonding limitations. Ill Rev Stats ch 122, sec 35–1 (1963). Section 35–10 of this Act provides that a school board upon approval of its application for aid must cause plans and specifications to be prepared and they "shall be submitted by the school board to the County Superintendent of Schools, the Superintendent of Public Instruction and the State Fire Marshall for approval." In addition, the Legislature has imposed a duty upon the Superintendent of Public Instruction to prepare, with the advice of the Department of Public Health, the Supervising Architect and the State Fire Marshall, specifications for the minimum requirements "for heating, ventilating, lighting, seating, water supply, toilet and safety against fire which will conserve the health and safety of the pupils of the public schools." Ill Rev Stats ch

403

122, sec 2-3.12 (1963). There is also the further duty imposed upon the County Superintendent to inspect all plans and specifications "and to approve all those which comply substantially with the specifications prepared and published by the Superintendent of Public Instruction." Ill Rev Stats ch 122, sec 3-14.20 (1963).

As can be seen, the Legislature has spoken generally in one instance, by giving municipalities the power to enact building codes, and particularly in another instance, by setting forth certain standards for health and safety relative to the construction of school buildings. "A familiar rule of statutory construction is, that where there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other of which is particular and relates only to one subject, the particular provisions must prevail and must be treated as an exception to the general provision." County of DeWitt v. Greene, 320 Ill 491, 151 NE 372.

The City cites the case of County of Cook v. City of Chicago, 311 Ill 234, 142 NE 512, as authority for the proposition that the delegation of police power to cities to regulate the construction of all buildings within its boundaries is paramount to the power of any quasi-municipal corporation to do so. In that case the building code of the City of Chicago was held to be binding upon the County of Cook in the erection of a court building. However, there were no statutory provisions for the erection of county buildings as we have in the case at bar for the erection of school buildings.

Therefore, we are of the opinion that the construction of the school building under the School Code within the boundaries of a municipality is to be excepted from the Building Code of that municipality.

404

■ The City claims that the Board is estopped to contest the validity of the building ordinance as it pertains to school construction because the Contractor applied for and received the permit on behalf of the Board. It was only when a demand for the fee was made that the Board objected to the ordinance. In support of this position they cite City of Chicago v. Melvin Bernstein, 337 Ill App 649, 86 NE2d 415, and Continental Paper Grading Co. v. Howard T. Fisher & Associates, Inc., 1 Ill2d 37, 115 NE2d 291. In the Bernstein case, the defendant did not raise an objection to the validity of the ordinances either during the pleading stage of the proceedings nor when the ordinances were offered into evidence. The court held that the objections were not raised in apt time. In the Continental Paper Grading Co. case, the constitutionality of the statute was acknowledged in open court and withdrawn as an objection until after the trial court's decision was made adversely to the appellant, at which time the appellant tried to revive this as an issue, but without success. Neither of these cases is applicable to our present set of circumstances. On the contrary, when the fee was first demanded, the Board raised the objection. We feel this objection was made in apt time and therefore not waived.

For the foregoing reasons the judgment of the Circuit Court of DuPage County is affirmed.

Judgment affirmed.

CARROLL, J., concurring.

ABRAHAMSON, P. J., specially concurring.

I concur in the result but not in the reasoning of the opinion. Although the briefs and arguments of both parties are addressed to the issues as determined by a majority of the Court, the undisputed facts disclose that the Board did comply with the requirements

of the Building Code of the City and as a result the only question presented in this appeal is whether or not the Board is exempt from the payment of a permit fee.